Guy PATTERSON, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 04–3168.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 13, 2004.

Guy Patterson, Pittsburgh, PA, pro se.

Before RADER, SCHALL, and PROST, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) declined to award Mr. Guy Patterson retroactive selection for the position of Freedom of Information/Privacy Act Specialist (FOI Specialist position) and back pay at the GS–11 level. No. PH–3443–03–0223–I–2. Mr. Patterson sought a veterans preference for the FOI Specialist position. *See* Veterans Employment Opportunity Act of 1998, 5 U.S.C. § 3330(a) (2000). Mr. Patterson further complained of discrimination forbidden by the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERA), 38 U.S.C. § 4311(a).

The Board agreed with Mr. Patterson on both allegations, but did not grant him a retroactive selection for the FOI Specialist position nor back pay at the GS–11 level. Instead, the Board ordered the Office of Personnel Management (OPM) to reconstruct the merit promotion selection process for the FOI Specialist position, including Mr. Patterson as a candidate, and to grant him retroactive selection and back pay if the reconstruction indicates that Mr. Patterson would have been selected for the position. Mr. Patterson instead seeks the retroactive appointment and back pay. Because the issues raised by Mr. Patterson's petition are not ripe for judicial review, this court *remands* to OPM for further action in accordance with the order of the Board.

## I.

On January 15, 2003, Mr. Patterson applied to OPM for a FOI Specialist position, GS–0301–9/11, at the Federal Investigations Processing Center in Boyers, Pennsylvania. Mr. Patterson submitted two complete applications and a cover letter seeking the FOI Specialist position under both the open competitive procedures and the merit promotion procedures. Mr. Patterson claimed entitlement to merit selection because of his prior military service.

On February 10, 2003, OPM notified Mr. Patterson by letter that he had been certified as a "competitive candidate" for the FOI Specialist position at the GS–9 level. In response, Mr. Patterson sent a letter to OPM, on February 24, 2003, questioning the GS–9 rating and the absence of any merit promotion consideration. On February 26, 2003, OPM responded that Mr. Patterson was probably not qualified for grade GS–11 without graduate study after completion of a J.D. In addition, OPM denied Mr. Patterson any merit promotion prerogatives because he was already under consideration in the competitive process. OPM notified Mr. Patterson on March 4, 2003, that the FOI Specialist position had been awarded to another candidate.

Mr. Patterson filed a complaint with the Department of Labor, regarding OPM's selection process for the FOI Specialist position. After the Department of Labor advised Mr. Patterson that it could not resolve the matter, Mr. Patterson filed an appeal with the Board.

Before the Board, Mr. Patterson argued that OPM had violated his rights under the Veterans Employment Opportunity Act of 1998 (VEOA). 5 U.S.C. § 3330(a). The VEOA requires that "[p]reference eligibles ... may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(F)(1). Mr. Patterson also argued that OPM's violation

of his rights under the VEOA was an act of discrimination against him because of his prior military service, which is a violation of USERA, 38 U.S.C. § 4311(a).

On December 4, 2003, the Board issued a finding, agreeing with both of Mr. Patterson's assertions. The Board found that, under the VEOA, Mr. Patterson had a right to apply for the FOI Specialist position under the merit promotion procedures. Therefore, the Board found that OPM had violated the VEOA. In addition, because OPM had shown no reason, other than his status as a veteran, why Mr. Patterson was denied an opportunity to participate in the merit promotion procedure, the Board found that OPM had also violated the USERA.

In crafting its remedy for these violations, the Board noted that no evidence in the record indicated that Mr. Patterson's qualifications were superior to those of the candidate who was actually selected for the FOI Specialist position. The Board, therefore, denied Mr. Patterson's request for retroactive promotion to the FOI Specialist position and back pay. Instead, the Board ordered OPM to reconstruct the merit promotion selection process for the FOI Specialist position, considering Mr. Patterson as a candidate for the position. The Board further ordered that, if the reconstruction indicates that Mr. Patterson would have been selected for the FOI Specialist position, but for his exclusion from the merit promotion procedures, OPM should award him retroactive selection and back pay. Dissatisfied with this remedy, Mr. Patterson filed an appeal with this court on April 21, 2004.

## II.

■ This court may entertain an appeal from the Board only when that petition is the subject of "a final order or final decision" of the Board. 28 U.S.C. § 1295(a)(9) (2000). The Board's decision in this case does not address the issue of whether Mr. Patterson is qualified to hold the FOI Specialist position at the GS–11 level. The administrative record before this court does not indicate that Mr. Patterson requested the Board to make such a determination. In addition, a determination of Mr. Patterson's qualifications was not necessary to resolve Mr. Patterson's complaint before the Board, i.e. whether OPM had violated Mr. Patterson's rights or discriminated against him because of his prior military service. Because the Board has not made a final decision on Mr. Patterson's qualifications for selection to the FOI Specialist position at the GS–11 level, this court does not have jurisdiction to hear Mr. Patterson's plea on that issue.[1] See 28 U.S.C. § 1295(a)(9).

■ Mr. Patterson argues that the Board erred in constructing its remedy for OPM's violations of the VEOA and the USERA by refusing to order OPM to retroactively select him for the FOI Specialist position and award him back pay. However, Mr. Patterson's request for retroactive appointment and back pay may yet be granted under the Board's order, if OPM's reconstruction of the merit promotion process shows that Mr. Patterson was the most qualified candidate for the FOI Specialist position.

1. In addition, Mr. Patterson's argument, that under 5 C.F.R. § 1201.72(c) OPM admitted that he was qualified to enter at the GS–11 level by refusing to answer his request for admission, is misplaced. Mr. Patterson framed his request for admission on that issue in the alternative, and OPM responded to the alternative request by stipulating that Mr. Patterson had three full years of graduate level education with a major in law. Thus, OPM did not fail to answer Mr. Patterson's request for admission.

The standard for ripeness of judicial review of administrative actions has been set forth by the United States Supreme Court in three cases: *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967); *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). The Supreme Court explains that the ripeness doctrine:

> prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also ... protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects can be felt in a concrete way by the challenging parties.

*Abbott Laboratories*, 387 U.S. at 148. In *Toilet Goods*, the Court fashioned a two-fold inquiry for ripeness: "first to determine whether the issues tendered are appropriate for judicial resolution and second to assess the hardship to the parties if judicial relief to the parties is denied at this stage." 387 U.S. at 162.

With regard to the fitness prong, an issue is fit for review when it is purely a matter of statutory construction, meaning that the court could not "benefit from further factual development of the issues" and the court does not risk inappropriate "interfer[ence] with further administrative action." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998). Mr. Patterson's plea is not fit because review at this stage would require this court to make factual determinations about Mr. Patterson's qualifications as the most suitable candidate for the FOI Specialist position. In addition, making the necessary factual determinations could inappropriately interfere with the administrative actions of OPM, which has not yet had the opportunity to make a determination about the most qualified candidate for the FOI Specialist position. Mr. Patterson's request, therefore, does not meet the fitness requirement of the test for ripeness. *See id.; see also Toilet Goods Ass'n*, 387 U.S. at 167.

Therefore, this court need not apply the second prong of the ripeness test. *See Toilet Goods Ass'n*, 387 U.S. at 162. Mr. Patterson's plea for retroactive selection and back pay, therefore, is not ripe for judicial review at this time. *Id.*

Mr. Patterson's request for a factual finding that he is qualified to hold the FOI Specialist position at a GS–11 level and his request for retroactive appointment and back pay are not yet ripe for review. Accordingly, this court remands to OPM for further action in accordance with the order of the Board.