NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER HARVEY HARE,**
*Petitioner*

**v.**

**NATIONAL CREDIT UNION ADMINISTRATION,**
*Respondent*

---

2015-3214

---

Petition for review of the Merit Systems Protection Board in No. PH-3443-14-0638-B-1.

---

Decided: January 21, 2016

---

CHRISTOPHER HARVEY HARE, Abingdon, MD, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Christopher Harvey Hare appeals from the decision of the Merit Systems Protection Board ("Board") ordering the National Credit Union Administration ("NCUA") to reconstruct the hiring process for the CU-0580-13/14 Regional Lending Specialist position taking into account Mr. Hare's five-point veterans' preference. For the reasons discussed below, we *dismiss* for lack of jurisdiction.

## BACKGROUND

On February 12, 2014, NCUA posted a vacancy for a Regional Lending Specialist. Mr. Hare timely applied for the vacancy, claiming eligibility for five-point veterans' preference. In April 2014, NCUA assessed all of the candidates but found no candidate qualified, and the vacancy was closed with no selection. Mr. Hare was not given veterans' preference and was not referred for further consideration.

Mr. Hare promptly appealed NCUA's decision on preference eligibility to the Board and to the Department of Labor ("DOL"). The Board found that Mr. Hare had not exhausted his administrative remedies, and therefore dismissed his appeal for lack of jurisdiction. Shortly thereafter, DOL issued a final decision agreeing with NCUA that Mr. Hare was not preference eligible because his application lacked sufficient evidence of his active duty military service. Mr. Hare again appealed to the Board. An administrative judge conducted a hearing on the merits of Mr. Hare's eligibility for veterans' preference. In an initial decision issued on June 19, 2015, the Board found Mr. Hare preference eligible and ordered NCUA to reconstruct the hiring process for the vacancy, taking into account a five-point veterans' preference for Mr. Hare.

NCUA reconstructed the hiring process and granted Mr. Hare a five-point preference. In a letter dated Ju-

ly 15, 2015, NCUA wrote to Mr. Hare that it declined to pass his application forward to the selecting official because his resume "lacked sufficient detail regarding [his] experience as it relates to the specialized experience requirements of [the] position." Pet'r's Informal Br., Ex. 6A ("Letter of Non-Selection," Jul. 15, 2015). Specifically, NCUA explained that it could not determine whether his "experience included the specific risk analysis and expertise required by the position." *Id.*

Mr. Hare did not appeal this agency action to the Board. Instead, on August 31, 2015, Mr. Hare filed an appeal with this court.

## DISCUSSION

We cannot review agency decisions directly. By law, our jurisdiction is limited to review of agency decisions from the Board. 28 U.S.C. § 1295(a)(9); *see also Patterson v. Office of Pers. Mgmt.*, 111 F. App'x 590, 593 (Fed. Cir. 2004) (holding that we could not consider petitioner's appeal of the agency's reconstruction decision, where that petitioner had not first appealed to the Board).

On appeal, Mr. Hare argues that the agency has retaliated against him for enforcing his five-point veterans' preference. He complains that the Board "failed to provide remedies or procedures after the reconstruction." Pet'r's Informal Br. 1. He asks that this court "evaluate the [Board] decision related to enforcement of my 5PT VA preference, and evaluate the evidence that qualifies me as a GS-12 for 'Regional Lender Specialist.'" Pet'r's Informal Br. 1.

We interpret Mr. Hare's appeal to be a challenge to the agency's reconstruction decision. Such an appeal is not proper in this court. Instead, Mr. Hare first needs to appeal to the Board.

Mr. Hare appears to have been confused by the Board's remand order, which contained an instruction on

how to appeal to us. A. 19. We note that the timing for appealing the agency's reconstruction decision to the Board has run. The Board can consider whether to accept such a late-filed appeal under its equitable tolling doctrine.

## CONCLUSION

For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.