# United States Court of Appeals for the Federal Circuit

2007-3006

CRAIG J. JACOBSEN,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Mathew B. Tully, Tully, Rinckey & Associates, of Albany, New York, argued for petitioner.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director. Of counsel on the brief was Thadd A. Prisco, Assistant General Counsel, Executive Office for United States Attorneys, United States Department of Justice, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3006

CRAIG J. JACOBSEN,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  September 20, 2007

_____

Before MICHEL, <u>Chief Judge</u>, GARJARSA, <u>Circuit Judge</u>, and HOLDERMAN,[*] <u>Chief District Judge</u>.

MICHEL, <u>Chief Judge</u>.

Craig J. Jacobsen appeals from a final opinion and order of the Merit Systems Protection Board ("Board") affirming the denial of his motion for attorney fees submitted to the Board pursuant to 38 U.S.C. § 4324(c)(4), the fee-shifting provision of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333.  <u>Jacobsen v. Dep't of Justice</u>, 2006 M.S.P.B. 280 (2006).  We affirm.

---

[*]        Honorable James F. Holderman, Chief Judge, United States District Court for the Northern District of Illinois, sitting by designation.

I.

The facts giving rise to this appeal are largely undisputed. From 1995 to 2001, Jacobsen was a federal employee at the Department of Justice as well as a member of the U.S. Army Reserves. On November 15, 2004, Jacobsen filed an appeal with the Board alleging that from 1995 to 2001 the Department of Justice ("agency") improperly charged him military leave for the performance of military reserve duty on calendar days in which he was not scheduled to work for the agency in violation of USERRA. See Butterbaugh v. Dep't of Justice, 336 F.3d 1332 (Fed. Cir. 2003). Jacobsen requested restoration of lost leave, as well as attorney fees and other expenses allowed by law. The Administrative Judge ("AJ") assigned to the appeal granted Jacobsen's request for corrective action in an initial decision dated February 24, 2005. The AJ found that the agency improperly charged Jacobsen with two days of military leave for days he was not scheduled to work for the agency in violation of USERRA, and ordered the agency to correct its records to reflect that no military leave was charged for these days. Jacobsen v. Dep't of Justice, DC-3443-05-0092-I-1 (M.S.P.B. Feb. 24, 2005). Neither party petitioned for review; the initial decision became final on March 31, 2005.

On May 25, 2005, Jacobsen filed a timely motion for attorney fees, seeking $8,700 for twenty-nine hours of legal work performed by his attorney. After an initial decision and Board remand not of relevance here, the AJ issued an initial decision denying Jacobsen's motion for attorney fees. Jacobsen v. Dep't of Justice, DC-3443-05-0092-B-1 (M.S.P.B. Apr. 18, 2006). Jacobsen timely appealed the decision to the full Board which issued a final opinion and order on September 22, 2006, denying Jacobsen's petition for review under 5 C.F.R. § 1201.115, reopening the appeal on the

Board's own motion under 5 C.F.R. § 1201.118, and affirming the denial of attorney fees. Jacobsen, 2006 M.S.P.B. at 280.

Citing Farrar v. Hobby, 506 U.S. 103, 114 (1992), the Board stated that an appellant's "degree of overall success" is a proper consideration in determining whether an award of attorney fees is reasonable. The Board held that attorney fees were properly denied in this case based upon Jacobsen's "limited" degree of overall success on the merits of his claim. In this regard, the Board characterized Jacobsen's success as nominal based upon two factors described below.

First, the Board stated that Jacobsen's claim for relief was very broad and mostly unsupported by specific evidence. The Board pointed out that Jacobsen did not specify in his initial request the dates upon which he was allegedly charged military leave improperly. In response to an order by the AJ to support his allegations with specific evidence, Jacobsen submitted (1) a "Chronological Statement of Retirement Points," provided by the U.S. Army showing that Jacobsen engaged in fifteen days of reserve duty each year from 1984 to 2003, (2) a time and attendance record from the agency showing that he was charged with military leave on a Saturday and Sunday (presumably non-work days) during the pay period from June 18, 2000 to July 1, 2000, and (3) an affidavit in which he averred that he "may have been forced to use annual leave or leave without pay" in order to fulfill his military obligations during the time period of 1995 to 2001. The Board held that this evidence failed to show specifically the days on which the agency improperly charged Jacobsen military leave. Because Jacobsen's claim for relief covered unspecified days of a seven-year period, and the agency was eventually ordered to restore only two days of leave, the Board reasoned that

Jacobsen's success in relation to the relief he originally sought was nominal. Thus, relying on Farrar, the Board held that denial of attorney fees was reasonable.

Second, the Board relied on the fact that Jacobsen failed to utilize the agency's administrative process for making retroactive military leave adjustments, but rather chose to litigate an appeal before the Board. The Board pointed out that the AJ also ordered the agency to search its records and produce any evidence showing whether Jacobsen was charged military leave on non-work days. The agency responded that it reviewed leave records for the years 1996 through 2000, and based upon its review, conceded that Jacobsen was improperly charged sixteen hours of military leave for days he was not scheduled to work for the agency. Had he utilized the agency's internal procedure in the first place, the Board rationalized, Jacobsen would have obtained the same result before the agency without filing an appeal before the Board.

The Board concluded that "these two factors coupled with the fact that Jacobsen was only awarded sixteen hours of restored military leave" justified a denial of attorney fees. This appeal followed. This Court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

We must affirm a MSPB decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3); accord Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1390 (Fed. Cir. 1982). A decision is supported by substantial evidence when "a reasonable mind might accept [it] as adequate to support a conclusion."

<u>Matsushita Elec. Indus. Co. v. United States</u>, 750 F.2d 927, 933 (Fed. Cir. 1984) (internal quotations omitted).

USERRA allows for an award of attorney fees under 38 U.S.C. § 4324(c)(4), which provides:

> If the Board determines as a result of a hearing or adjudication conducted pursuant to a complaint submitted by a person directly to the Board . . . that such person is entitled to an order [which authorizes the Board, upon finding a USERRA violation, to "enter an order" requiring the agency or Office of Personnel Management to comply with the provision violated and to compensate the employee for any loss of wages or benefits], the Board may, in its discretion, award such person reasonable attorney fees, expert witness fees, and other litigation expenses.

Unlike other attorney fees-permitting provisions administered by the Board, such as 5 U.S.C. § 7701(g)(1), section 4324(c)(4) does not require that the petitioner be a "prevailing party" who may only be awarded attorney fees in the "interest of justice." <u>See, e.g.</u>, <u>Sacco v. United States</u>, 452 F.3d 1305, 1309 (Fed. Cir. 2006). Rather, section 4324(c)(4) merely requires that the Board have issued an "order" requiring the agency to correct its violation of USERRA. Congress left the decision whether to award reasonable attorney fees, expert witness fees, and other litigation expenses to the Board's discretion. In such a case where Congress left the precise application of a fees-permitting provision to the Board's discretion, and in the absence of any Constitutional challenge thereto, we accord broad deference to the Board's decision to deny fees. <u>See</u> <u>James v. Santella</u>, 328 F.3d 1374, 1379 (Fed. Cir. 2003).

In his brief, Jacobsen initially contends that the Board does not actually have "discretion" to refuse an award of attorney fees notwithstanding the statute. Specifically, Jacobsen argues that the Board exhausted its "discretion" under the statute when it promulgated the regulations 5 C.F.R. §§ 1201.203(a) and 1208.15(b), and that only

these regulations must be satisfied in order to establish entitlement to attorney fees. Pursuant to its authority from Congress, the Board promulgated regulations governing the award of attorney fees under USERRA. See 5 C.F.R. §§ 1208.15(b), 1201.203(a). Section 1208.15(b) provides in relevant part that the Board has discretion to order payment of reasonable attorney fees, expert witness fees, and other litigation expenses under 38 U.S.C. 4324(c)(4), while the provisions of 5 C.F.R. § 1201.203(a) instruct as to form and content of a request for attorney fees. Specifically, under section 1201.203(a), a motion for attorney fees must be supported with at least the following evidence: (1) accurate and current time records; (2) a copy of the terms of the fee agreement (if any); (3) a statement of the attorney's customary billing rate for similar work, with evidence that that rate is consistent with the prevailing community rate for similar services in the community in which the attorney ordinarily practices; and (4) an established attorney-client relationship.

Jacobsen asserts that as long as a petitioner provides the Board with the evidence enumerated above, the Board is required to award attorney fees to the petitioner. Because he satisfied the requirement of an "order" under 38 U.S.C. § 4324(c)(4) and presented sufficient evidence under 5 C.F.R. § 1201.203(a), Jacobsen contends that he is automatically entitled to attorney fees.

We are not persuaded. The controlling statute clearly provides that the Board may award reasonable attorney fees in its discretion. 38 U.S.C. § 4324(c)(4). Jacobsen has provided absolutely no case law, legislative history, or persuasive theory suggesting that "discretion" may be properly read out of the statute, or that the Board's "discretion" was somehow extinguished by its enactment of implementing regulations 5

C.F.R. §§ 1201.203(a) and 1208.15(b), and we know of none. For these reasons, we find Jacobsen's initial arguments here to be without merit.

Neither party disputes that Jacobsen meets the statutory requirement under section 4324(c)(4) for issuance of an "order" and therefore is eligible for an award. Rather, the narrow issue presented by this appeal, to which we now turn, is whether the factors the Board considered in discretionarily denying Jacobsen's motion for attorney fees under the USERRA fee-shifting provision are permissible and lawful.

### A.   Limited Degree of Success Factor

First, Jacobsen asserts that the Board erred in concluding that he only enjoyed a nominal degree of success. Jacobsen argues that he asked for and was restored all of the military leave days to which he was entitled, namely two. Since he obtained all he requested, Jacobsen asserts, his degree of success is actually entire.

Resolution of this issue centers on an examination of the claim Jacobsen presented to the Board. As noted above, Jacobsen failed to allege any specific non-work days on which he was improperly charged military leave. Rather, Jacobsen merely alleged that he may have been forced to use other leave to fulfill his military obligations over a seven-year period. Because the record is devoid of any specific dates Jacobsen actually engaged in military duty (except for the lone June to July 2000 pay period record), we reasonably construe the claim as alleging that the agency improperly charged him military leave for each year he was obligated to serve. Assuming then that in each year from 1995 to 2001 Jacobsen performed two consecutive weeks of military duty, at least two non-work days (representing the intervening weekend) were improperly charged per year. The record shows, however,

that in all seven of the years Jacobsen served, the agency only once improperly charged him with military leave in violation of USERRA, i.e., two days, not fourteen days.

Because Jacobsen's claim is reasonably construed as claiming at least one error per year for each of the seven years he served and the agency only improperly charged him military leave in one on those years, the Board did not err in finding that Jacobsen's success in relation to the relief he sought was nominal, constituting one-seventh of the implicit claim. Further, because Jacobsen does not contend that the Board's reliance on Farrar is in error, we hold for the purposes of this opinion that Jacobsen's degree of success is an appropriate consideration in the Board's discretion. As such, we must affirm the Board's denial of attorney fees based upon Jacobsen's limited success on appeal.

B. Failure to Utilize Agency's Administrative Process Factor

Next, Jacobsen argues that the Board erred by considering the fact that Jacobsen chose to file a complaint with the Board rather than go though the agency's internal administrative process for making retroactive military leave adjustments. We agree that the Board's reliance on the fact that Jacobsen could have achieved the same result though the administrative process as he did before the Board is in error because USERRA contains no requirement that a petitioner pursue, much less exhaust, his or her administrative remedies prior to bringing an appeal before the Board. Indeed, Congress provided Jacobsen with the right to file his appeal by enacting section 4324(b)(1) which provides that "[a] person may submit a complaint against a Federal executive agency or the Office of Personnel Management . . . directly to the Merit

Systems Protection Board if that person has chosen not to apply to the Secretary for assistance . . . ." 38 U.S.C. § 4324(b)(1); <u>see also</u> <u>Butterbaugh</u>, 336 F.3d at 1336; <u>Yates v. Merit Sys. Prot. Bd.</u>, 145 F.3d 1480, 1483 & n.4 (Fed. Cir. 1998). Nevertheless, since we hold that the Board properly found that Jacobsen claimed much more than he was awarded and therefore obtained limited success on his claim, the Board's reliance on the second factor is harmless error.

III.

For these reasons, the Board's denial of attorney fees is

<u>AFFIRMED</u>.