# United States Court of Appeals for the Federal Circuit

2009-3086

RAYMOND MARSHALL,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Andrew J. Dhuey, of Berkeley, California, argued for petitioner.

Christopher A. Bowen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Michael J. Kator, Kator, Parks & Weiser, P.L.L.C., of Washington, DC, for amici curiae Military Officers Association of America, et al. With him on the brief was Jeremy D. Wright, of Austin, Texas.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3086

RAYMOND MARSHALL,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Petition for review of the Merit Systems Protection Board in AT3443060811-X-1.

_____

DECIDED:  December 1, 2009

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

Raymond Marshall appeals from a final decision of the Merit Systems Protection Board (MSPB), which dismissed his petition for enforcement of a prior MSPB order requiring that the Department of Health and Human Services (HHS) reconstruct a selection process for a position in the competitive service.  <u>See</u> <u>Marshall v. Dep't of Health & Human Servs.</u>, 111 M.S.P.R. 1 (2008) (<u>Marshall V</u>).  For the reasons set forth below, we reverse and remand.

## BACKGROUND

Despite the lengthy, tortured procedure due to disagreements between HHS and the MSPB over how to remedy the government's error, this is a simple case.  HHS violated the Veterans Employment Opportunities Act (VEOA) of 1998 when HHS selected a non-veteran over Mr. Marshall without obtaining approval from the Office of

Personnel Management (OPM). HHS conceded that it would have selected Mr. Marshall for the position had it not erroneously removed his name from the list of candidates. Another applicant, Ms. Roberta Beach, was hired and worked in this position for several years. There was no dispute that HHS violated Mr. Marshall's VEOA preference rights, but there was considerable disagreement between the agency, the administrative judge (AJ), and the MSPB over how this violation ought to be remedied. The MSPB ultimately ordered HHS to reconstruct the selection process and subsequently held that HHS properly remedied the VEOA violation by cancelling Ms. Beach's appointment (it moved her to another job) and deciding not to make any selection from the certificate (not hiring anyone for the position). We conclude that the MSPB erred in this case by failing to award the proper remedies pursuant to 5 U.S.C. § 3330c.

I

In 2004, Mr. Marshall, a veteran rated 20% disabled, applied for a Budget Analyst GS-560-13 position with the Centers for Disease Control (CDC), an operating division of HHS. CDC interviewed Mr. Marshall for the position and considered him a "strong candidate," but CDC was unable to make a selection at that time, purportedly because of a hiring freeze. J.A. 74, 78. While selection for this position was pending, Mr. Marshall contacted CDC to explain that the U.S. Coast Guard had offered him a lower-grade position that he would accept if CDC could not offer him the higher-grade, Budget Analyst position. Because CDC still could not proceed with the selection process, Mr. Marshall accepted the lower-grade position with the U.S. Coast Guard. Mr. Marshall remained interested in the higher-grade CDC position though, and as the

MSPB later found, Mr. Marshall's acceptance of the lower-grade position did not constitute a withdrawal from consideration for the higher-grade position. Nevertheless, CDC removed Mr. Marshall's name from consideration and, in June 2004, selected Ms. Roberta Beach, who was listed below Mr. Marshall on the certificate of eligibles, for the Budget Analyst position.

An OPM audit later revealed that CDC improperly removed Mr. Marshall's name from consideration. To remedy its error, CDC subsequently offered Mr. Marshall a GS-13 Budget Analyst position on May 24, 2006 that the CDC contact person described as "somewhere in Budget Execution . . . at some division . . . that could be anywhere across [Atlanta]." J.A. 60. On May 31, 2006, Mr. Marshall declined CDC's offer.

II

On June 25, 2006, Mr. Marshall filed an appeal with the MSPB, alleging that his veterans' preference rights had been violated. HHS agreed that it had considered Mr. Marshall qualified for the position and that its failure to seek and obtain OPM approval for passing over Mr. Marshall violated 5 U.S.C. § 3318(b)(1). See Marshall v. Dep't of Health & Human Servs., No. AT-3443-06-0811-X-1, slip op. at 6 (M.S.P.B. May 10, 2007) (Marshall I). As for the appropriate remedy, the AJ noted in an initial decision that the VEOA requires only a selection process consistent with law—not automatic retroactive reinstatement. Id. at 7. Importantly, however, the AJ explained that "[HHS] has not claimed that it would have not selected [Mr. Marshall] for the position at issue." Id. at 8. Thus the AJ ordered Mr. Marshall's retroactive reinstatement with the payment of compensation for lost wages or benefits up until May 31, 2006—i.e., when Mr. Marshall declined the subsequent offer of a new position. Id.

On November 14, 2007, the MSPB granted HHS's petition for review. <u>Marshall v. Dep't of Health & Human Servs.</u>, 107 M.S.P.R. 241 (2007) (<u>Marshall II</u>). HHS argued that the AJ erred by ordering reinstatement. <u>Id.</u> at 244. Specifically, HHS maintained that it already provided the appropriate remedy when it offered a position to Mr. Marshall on May 24, 2006. <u>Id.</u> at 245 n.4. The MSPB concluded that the appropriate remedy was reconstruction of the selection process—not reinstatement. <u>Id.</u> at 244–45 & n.4. The MSPB reasoned that when an agency violates a statute or regulation relating to veterans' preference, the proper remedy is to "order the agency to comply with such provisions." <u>Id.</u> at 244–45 (citing 5 U.S.C. § 3330c; 5 C.F.R. § 1208.25; <u>Dean v. Dep't of Agric.</u>, 99 M.S.P.R. 533 (2005)). Accordingly, the MSPB ordered HHS to reconstruct the selection process for the original Budget Analyst position no later than 30 days after the date of the decision. <u>Id.</u> at 245. The MSPB also ordered HHS to notify Mr. Marshall when it believed that it had complied with the MSPB's reconstruction order and to describe the actions HHS took to do so. <u>Id.</u> If Mr. Marshall believed that HHS had failed to comply with the MSPB's order, the MSPB stated that Mr. Marshall would have 30 days to petition for enforcement. <u>Id.</u>

By letter dated December 14, 2007, HHS informed Mr. Marshall that it complied with the MSPB's reconstruction order. J.A. 102. HHS stated that governing regulations required HHS to reconstruct a corrected certificate and to provide documentation to OPM. <u>Id.</u> According to HHS, because OPM treated this requirement as having been satisfied when HHS offered an equivalent position to Mr. Marshall on May 24, 2006, this subsequent offer "should be found adequate for the purposes of this appeal as well." <u>Id.</u>

With respect to the MSPB's suggestion that this subsequent offer was inadequate, HHS was "at a loss to understand what" more could be done. Id.

Mr. Marshall filed a petition for enforcement on January 10, 2008. J.A. 97–108. He alleged that HHS had failed to comply with the MSPB's reconstruction order. J.A. 100–01. Referencing the MSPB's November 14, 2007 order, Mr. Marshall also noted that if HHS's violation was found willful, the MSPB could order HHS to pay an amount equal to backpay as liquidated damages. J.A. 100. HHS filed a response, expressing confusion as to what else it could do to reconstruct the selection process and how it could compensate Mr. Marshall for lost wages "without violating the law against dual appointments" arising from his employment with the U.S. Coast Guard. J.A. 111–14. In a written reply, Mr. Marshall argued, among other things, that "in view of [HHS's] refusal to provide the reconstructed files and the information necessary for [Mr. Marshall] to prove an intentional and willful violation of the VEOA law, that an additional liquidated damages award be entered in an amount of the awarded wage." J.A. 118.

On March 17, 2008, the AJ recommended that Mr. Marshall's petition for enforcement be granted. Marshall v. Dep't of Health & Human Servs., No. AT-3443-06-0811-X-1 (M.S.P.B. Mar. 17, 2008) (Marshall III). Responding that it still did not know what more it could do to comply with the MSPB's reconstruction order, HHS stated as follows:

> It is the agency's understanding that the appellant does not seek to actually be placed with this agency, nor can the agency (as pointed out in its original appeal) "reinstate" him for the purposes of awarding him back pay when he has at all times held another federal appointment. However, if the Board has in mind some other specific action which the agency could perform to be in compliance, the agency respectfully requests the Board's assistance in providing the agency with guidance as to what that action would be.

J.A. 125–26.

On September 19, 2008, the MSPB held that HHS was not in compliance with the earlier MSPB order because HHS had not reconstructed the selection process. Marshall v. Dep't of Health & Human Servs., 110 M.S.P.R. 114 (2008) (Marshall IV). More specifically, the MSPB ordered HHS to comply with the following instructions:

> (1) Ms. Roberta Beach must be removed as the selectee for the GS-13 Budget Analyst position in question, because her placement in that position is contrary to 5 U.S.C. § 3318; (2) the reconstructed certificate of eligibles must contain at least three names for appointment in order for the appointing authority to validly make a selection for the GS-13 Budget Analyst position under 5 U.S.C. §§ 3317 and 3318; and (3) if the agency wishes to select an applicant who is a non-preference eligible over the appellant for the GS-13 Budget Analyst position, the agency must obtain evidence of OPM's approval under 5 U.S.C. § 3318(b)(1).

Id. at 118.

HHS submitted a statement of compliance on October 1, 2008. J.A. 136–39. HHS attached a copy of the SF-50 canceling Ms. Beach's selection and appointment under the relevant vacancy announcement for the Budget Analyst position. J.A. 138. HHS also attached a reconstructed certificate of eligibles with Mr. Marshall rated the highest of four people. J.A. 139. Nevertheless, HHS decided not to make any selection from the certificate, "thereby closing out the case with no selection made." J.A. 136.

In the MSPB decision now on appeal, the MSPB determined that HHS complied with the MSPB's reconstruction order and, accordingly, dismissed Mr. Marshall's petition for enforcement. Marshall V, 111 M.S.P.R. 1. The MSPB explained that HHS was in compliance with both the VEOA and the MSPB's reconstruction order because "[t]he fact that [HHS] decided not to fill the position did not deny [Mr. Marshall] his opportunity to compete for the position, or otherwise violate his VEOA rights." Id. at 3-4.

The MSPB therefore dismissed Mr. Marshall's petition for enforcement. Id. at 4. Mr. Marshall appeals.

DISCUSSION

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Statutory construction is a question of law that we review de novo." Abell v. Dep't of the Navy, 343 F.3d 1378, 1383 (Fed. Cir. 2003).

I

Before turning to the merits of Mr. Marshall's appeal, we first address HHS's argument regarding waiver. According to HHS, Mr. Marshall waived his challenge to the MSPB's reconstruction order for three reasons: (1) he did not challenge HHS's last statement of compliance; (2) he did not appeal the MSPB's first reconstruction order on November 14, 2007; and (3) he filed a petition for enforcement of the MSPB reconstruction order. For the following reasons, we conclude that Mr. Marshall has not waived his challenge.

First, HHS points out that Mr. Marshall failed to challenge HHS's last statement of compliance. We agree with Mr. Marshall that this argument is without merit. The MSPB's decision did not inform Mr. Marshall, then proceeding pro se, that he could file a response. See Marshall IV, 110 M.S.P.R. at 118–19. In addition, the regulation pertaining to the procedures for processing a petition for enforcement mentions a response in the context of initial processing, see 5 C.F.R. § 1201.183(a)(1), but not in

the context of consideration by the MSPB, see id. § 1201.183(b).  Even the former states merely that "[t]he party that filed the petition may respond to [a statement of compliance]."  Id. § 1201.183(a)(1) (emphasis added).

Second, Mr. Marshall could not have appealed the MSPB's first reconstruction order.  Our review of MSPB decisions is limited to final orders or final decisions.  See Weed v. Soc. Sec. Admin., 571 F.3d 1359, 1361–63 (Fed. Cir. 2009); see also 28 U.S.C. § 1295(a)(9).  In Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986), we stated the uncontroversial rule that "an order remanding a matter to an administrative agency for further findings and proceedings is not final."  See also Patterson v. Office of Pers. Mgmt., 111 F. App'x 590 (Fed. Cir. 2004) (request for retroactive appointment and backpay is not ripe for appellate review when the MSPB has remanded to the agency for reconstruction because these items may still be granted on remand).  Like these cases, Mr. Marshall's claim would not have been ripe at the time of the MSPB's first reconstruction order, which remanded to HHS to reconstruct the selection process.  As this remand could have resulted in a decision to hire Mr. Marshall and award him lost wages and benefits, his appeal at that time would have been premature.

Third, Mr. Marshall's filing of a petition for enforcement of the MSPB's reconstruction order does not judicially estop him from now challenging that order.  Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)).  It would be a stretch to conclude that Mr. Marshall

"prevailed" on his petition for enforcement. He was awarded neither the job for which he applied nor the lost wages, lost benefits, and backpay that he sought. The Supreme Court articulated three nonexclusive factors that should inform a decision of whether to apply the doctrine of judicial estoppel: (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) whether judicial acceptance of the party's later, inconsistent position "would create 'the perception that either the first or the second court was misled'"; and (3) whether the party asserting an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 750–51 (citations omitted). Mr. Marshall has at all times contended that he is entitled to compensation for lost wages or benefits, and it would be unfair to penalize him for continuing to pursue this award. There is no inconsistency in Mr. Marshall's position in this case.

We conclude that Mr. Marshall has not waived his challenge to the MSPB's reconstruction order. Under the circumstances of Mr. Marshall's case, the government's waiver arguments are entirely without merit.

II

The issue in this case is whether reconstruction is the proper remedy under 5 U.S.C. § 3330c when (1) an agency violates a veteran's preference rights during selection in the competitive service and (2) it is undisputed that the agency would have selected the veteran. Title 5 of the United States Code sets forth a statutory remedy for when an agency has violated a preference eligible's veterans' preference rights:

> If the [MSPB] (in a proceeding under section 3330a) or a court (in a proceeding under section 3330b) determines that an agency has violated a right described in section 3330a, the Board or court (as the case may be) shall order the agency to comply with such provisions and award

compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved. If the Board or court determines that such violation was willful, it shall award an amount equal to backpay as liquidated damages.

5 U.S.C. § 3330c (2006). The applicable regulation—5 C.F.R. § 1208.25(a)—restates the statutory language using substantially the same words.

The MSPB interpreted the statutory mandate that it "shall order the agency to comply with such provisions" to require reconstruction of the selection process. Marshall II, 107 M.S.P.R. at 244–45 (citing Dean v. Dep't of Agric., 99 M.S.P.R. 533 (2005)). In Dean, the MSPB granted an agency's petition to review an initial decision ordering retroactive appointment as a remedy for the agency's VEOA violation. Id. at 536. The MSPB determined that the agency violated the veteran's preference rights. Id. at 550. But with respect to an appropriate remedy, the MSPB explained that it was "aware of no provisions within VEOA stating that an individual whose rights have been violated is automatically entitled to the position sought. Rather, 5 U.S.C. § 3330c reflects that such an individual is entitled to a selection process consistent with law." Id. at 551. Furthermore, according to the MSPB, "it is unclear whether the appellant is entitled to an award of compensation because it is unknown whether he would have been selected for the position if the proper procedures had been followed." Id. at 552.

Relying on Dean, the MSPB, in this case, concluded that § 3330c required HHS to reconstruct the selection process. The MSPB rejected the agency's argument that it satisfied § 3330c when it offered Mr. Marshall an alternative position. It likewise rejected the AJ's determination that § 3330c required retroactive reinstatement with the payment of compensation and lost wages and benefits. Mr. Marshall contends that because HHS conceded (1) that it violated his veterans' preference rights and (2) that it

would have selected him for the Budget Analyst position but for this violation, the MSPB should have awarded compensation for any loss of wages or benefits suffered by Mr. Marshall.  We agree.

A

Section 3330c states that the MSPB "shall order the agency to comply with [the violated] provisions."  5 U.S.C. § 3330c.  The MSPB interpreted this language as requiring HHS to reconstruct the selection process.  Although reconstruction may be an appropriate way to comply in situations where it is unknown whether a veteran would have been selected for a position, the record here is clear regarding what would have occurred absent the violation.  HHS would have selected Mr. Marshall for the Budget Analyst position.  Thus, there is no need for a manufactured reconstruction process.

In this case, HHS's purported reconstruction of the selection process resulted in a determination that HHS would have made no selection from the reconstructed certificate of eligibles and would have cancelled the vacancy announcement.  This manufactured result has no basis in reality.  Reconstruction seeks to determine whether the agency would have selected the veteran at the time of the original selection process; reconstruction does not allow an agency to conduct a new selection process under new circumstances.  The agency admitted that it would have hired Mr. Marshall and that it did, in fact, fill the Budget Analyst position.  If the agency complied with the statutory provisions in this case, Mr. Marshall would have been awarded this job.  The offer of a different position "somewhere in Budget Execution . . . at some division . . . that could be anywhere across [Atlanta]" cannot adequately remedy Mr.

Marshall. We therefore hold that the appropriate remedy is for Mr. Marshall to be placed in the job for which he applied.

We recognize that in some cases appointment to the position at issue may not be possible because the particular position may have substantially changed or may no longer exist. On this point, our decision in Kerr v. National Endowment for the Arts, 726 F.2d 730 (Fed. Cir. 1984), is instructive. See also Wainwright v. Dep't of Health & Human Servs., 28 F. App'x 952 (Fed. Cir. Jan. 10, 2002) (per curiam) (unpublished) (applying Kerr). In Kerr, following an MSPB reinstatement order, Mr. Kerr alleged that the agency reinstated him to a "sham position" because the agency "shifted all the duties and responsibilities of his previously held position to another position." Id. at 731–32. The MSPB held that the agency complied with the reinstatement order because "[a]bsent a reduction in grade or pay, a reassignment of positions or duties is not an action appealable to the Board." Id. at 732 (alteration in original). We vacated this portion of the MSPB's decision and instructed the MSPB to "make a substantive assessment of whether the actual duties and responsibilities to which the employee was returned are either the same as or substantially equivalent in scope and status to the duties and responsibilities held prior to the wrongful discharge." Id. at 733. In doing so, we explained that the injured party should be placed "as near[] as possible in the status quo ante." Id.

Given the facts of this case, § 3330c requires that Mr. Marshall be offered the Budget Analyst position for which he applied. The government has acknowledged that the position continues to exist (Ms. Beach was doing the job); hence the appropriate remedy is for Mr. Marshall to be awarded this position. The fact that the agency filled

the position with another employee in violation of the VEOA preferences is not an adequate reason to force the aggrieved veteran into a different position.

## B

Mr. Marshall is entitled to compensation for any loss of wages or benefits that he suffered by reason of HHS's VEOA violation. 5 U.S.C. § 3330c. Compliance with veterans' preference rights in this case would have resulted in Mr. Marshall's selection for this Budget Analyst job. Mr. Marshall accepted a lower-grade position with the U.S. Coast Guard. The mere fact that he was employed by the federal government during the relevant time period does not prevent him from obtaining the lost wages or benefits to which he is entitled. It is undisputed that the position Mr. Marshall accepted with the U.S. Coast Guard was a lower-grade position. Mr. Marshall is therefore entitled to the difference between the pay and benefits he would have been earning in the Budget Analyst job and those he received in the U.S. Coast Guard job. Mr. Marshall is not to be penalized for mitigating the government's damages by maintaining employment during the relevant time period. Mr. Marshall is entitled to the lost wages or benefits pursuant to § 3330c from the June 2004 selection date that violated his veterans' preference rights until such time as he is placed in the position at issue or declines the position at issue.

## C

Finally, HHS argues that Mr. Marshall has waived any argument regarding whether its VEOA violation was willful, which would entitle Mr. Marshall to liquidated damages under 5 U.S.C. § 3330c. Notably, HHS cites the following language from the AJ's May 10, 2007 initial decision ordering reinstatement:

> If the appellant believes he is entitled to liquidated damages, he may petition for damages in accordance with the instructions below. However, the appellant has not shown that the failure to afford the appellant his preference rights was willful. Indeed, it appears that the only reason that the appellant was passed over for the position was because the agency mistakenly believed that he was no longer interested in the position.

Marshall I, slip op. at 8. According to HHS, Mr. Marshall waived any argument regarding willfulness when he "failed to appeal the Board's May 2007 decision finding that he had not shown that the agency's failure to afford him his VEOA rights was willful." Mr. Marshall responds that, among other things, (1) the MSPB vacated the damages portion of the initial decision when it ordered reconstruction rather than reinstatement and (2) the MSPB explicitly contemplated that liquidated damages might be available. See Marshall II, 107 M.S.P.R. at 246.

Mr. Marshall continually raised the issue of willfulness throughout this case. Without commenting on the merits of his claim, we conclude that Mr. Marshall is not precluded on remand from renewing his claim that HHS's VEOA violation—i.e., the initial passover—was willful. Under 5 U.S.C. § 3330c, "[i]f the [MSPB] determines that such violation was willful, it shall award an amount equal to backpay as liquidated damages." Id.

CONCLUSION

We conclude that the MSPB abused its discretion in dismissing Mr. Marshall's petition for enforcement because the MSPB's decision was based on an erroneous interpretation of 5 U.S.C. § 3330c. When an agency violates a veteran's preference rights during selection in the competitive service and when it is undisputed that the agency would have selected the veteran for the position sought but for the violation, § 3330c requires the agency to offer the same—or, as near as possible, a substantially

equivalent—position to the veteran. Under § 3330c, the veteran is also entitled to receive compensation for any loss of wages or benefits suffered by reason of the veterans' preference rights violation involved. Accordingly, the final decision of the MSPB is

REVERSED and REMANDED.