NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVESTER GRANDBERRY,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2010-3091

---

Petition for review of the Merit Systems Protection Board in consolidated Case Nos. DE3443060300-B-2 and DE4324090104-I-1.

---

Decided: November 16, 2010

---

SYLVESTER GRANBERRY, Lincoln, Nebraska, pro se.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD HUGHES, Deputy Director.

---

Before NEWMAN, BRYSON, AND PROST, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Sylvester Grandberry appeals a portion of the decision of the Merit Systems Protection Board in DE3443060300-B-2 and DE4324090104-I-1, holding that the Department of Homeland Security ("DHS") did not meet its obligations under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§4301-4333 ("USERRA"), and ordering the agency to reconstruct the hiring process for the position of Adjudication Officer, GS-9, pursuant to vacancy announcement FS236771. Mr. Grandberry argues that in view of the agency's violation of law, the correct remedy is not reconstruction of the hiring process, but award of the position with back pay. We *affirm* the Board's decision.

## BACKGROUND

Mr. Grandberry is a veteran of the wars in Vietnam and Iraq. He served with the United States Army in Vietnam from 1966-1969, and in Iraq from 2003-2005. From 1995 until his service in Iraq, and again from 2005 until the present, Mr. Grandberry has been employed by the Citizenship and Immigration Services of the DHS in Lincoln, Nebraska. In 1996 he was promoted to the position of Immigration Information Officer, GS-8. During his employment at DHS, Mr. Grandberry sought promotion to the position of Adjudication Officer, GS-9. He responded to specific vacancy announcements, and took various agency tests, some of which he passed and others that he did not. Mr. Grandberry also pursued Adjudication Officer positions through the Veterans Recruitment Act ("VRA") by submitting a general veteran's application and completing forms specifying his desired position.

In December 2003 Mr. Grandberry's National Guard unit was called to duty in Iraq. In February 2005 he returned, and remained in Military service at Fort Riley, Kansas until his demobilization on July 6, 2005. On April 18, 2005, vacancy announcement FS236771 was issued by the DHS for positions of Adjudication Officer at numerous locations including Mr. Grandberry's desired location of Lincoln, Nebraska. He was not contacted by DHS about this opening, despite his VRA application, but he eventually learned of it online. On July 18, 2005 Mr. Grandberry sent a VRA application to the DHS human resources office in South Burlington, Vermont, stating that he is a VRA applicant. The application did not identify the FS236771 announcement specifically, but stated on the first line that he was seeking the position of "Center Adjudicating Officer" in Lincoln, Nebraska.

On August 3, September 2, and December 1, 2005, DHS issued certificates listing persons eligible for the Adjudication Officer positions in Lincoln. Mr. Grandberry's name did not appear on any of these lists. On December 8, 2005 he sent a mailgram inquiring about the status of his application. He sent a second mailgram on January 9, 2005 that referred to the April 2005 announcement and requested an opportunity to file an application for the position in the announcement. When his request was not granted, after further correspondence he eventually appealed to the MSPB.

On January 20, 2010, an administrative judge determined that DHS had violated Mr. Grandberry's rights under the Veteran's Employment Opportunities Act ("VEOA"), 5 U.S.C. §§3330a - 3330c, but not under the USERRA. The determination of violation of the VEOA was reversed by the full Board on March 7, 2008, and Mr. Grandberry's case was remanded for further consideration of the USERRA claims.

On August 29, 2009 the administrative judge determined that the DHS had violated Mr. Grandberry's rights under the USERRA, and ordered that the hiring process be reconstructed for the position announced in FS236771. The full Board affirmed, and repeated the order for reconstruction of the hiring process.

Mr. Grandberry appealed to this court, arguing that the Board should have awarded him the Adjudication Officer position with back pay, instead of ordering a reconstruction of the hiring process. He states that his veteran's preference, superior qualifications, and the number of Adjudication Officer openings, leave "no doubt that he would have been hired." He also argues that, a violation having been found, he is entitled to back pay as damages, and attorney fees.

## DISCUSSION

Decisions of the Board are reviewed, as provided in 5 U.S.C. §7703, to determine whether the Board's action, findings, or conclusions were (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703(c). Statutory construction is a question of law, and receives plenary review. *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003). With respect to attorney fees, "[w]e accord broad deference to the Board's decision to deny fees [under USERRA]." *Jacobsen v. Dep't of Justice*, 500 F.3d 1376, 1379 (Fed. Cir. 2007). Unlike some other attorney fee provisions administered by the Board, USERRA section 4324(c)(4) assigns to the Board's discretion the decision whether to award attorney fees, expert witness fees, and other litigation expenses. *Id.* at 1380.

A.

This court considered the remedy of hiring reconstruction, under the VEOA, in *Marshall v. Department of Health and Human Services*, 587 F.3d 1310 (Fed. Cir. 2009). The VEOA and the USERRA contain virtually identical remedy provisions, *see* 5 U.S.C. §3330c ("the Board or court (as the case may be) shall order the agency to comply with such provisions and award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved"); 38 U.S.C. §4324(c)(2) ("the Board shall enter an order requiring the agency or Office to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by such person by reason of such lack of compliance.")

In *Marshall* the Department of Health and Human Services conceded that the department had violated the veteran's preference rights and that it would have selected him for the position "but for" the VEOA violation. *Id.* at 1316. The sole question then before the Board was "whether [hiring] reconstruction is the proper remedy under 5 U.S.C. §3330c when (1) an agency violates a veteran's preference rights during selection in the competitive service and (2) it is undisputed that the agency would have selected the veteran." 587 F.3d at 1315-16. Because the agency admitted that the veteran would have received the position were it not for the mistake, the veteran was entitled to compensation for any loss of wages or benefits due to the violation, from the date at which he should have been hired. *Id.* at 1318.

For Mr. Grandberry, the DHS "strongly disputes" that he would have been selected for the Adjudicative Officer position had the error in considering his application not been made. Appellee's Br. at 30. According to DHS, the

FS236771 vacancy announcement required that even "the highest ranking applicants [ ] take a writing test" before being awarded the position. Since Mr. Grandberry "had failed such written exams in the past", DHS argues that there was no reasonable certainty that he would have received the promotion, and therefore that he was properly required to endure a reconstruction of the hiring process, despite the errors of DHS in failing to consider his applications at the proper time.

Under USERRA §4324 the candidate is entitled to (1) "an order requiring the agency or Office to comply with [USERRA] provisions" and (2) lost wages and benefits if the losses were "by reason of the violation." *See* §4324(c)(2). We agree with the Board that reconstruction of the hiring process as to Mr. Grandberry satisfied the first entitlement, for, as stated in *Marshall*, "reconstruction may be an appropriate way to comply in situations where it is unknown whether a veteran would have been selected for a position." *Marshall*, 587 F.3d at 1316. In view of the uncertainty before the Board, reconstruction was a reasonable response to the USERRA violation. The fact of USERRA violation alone does not automatically require placement in the disputed position and payment of lost wages. If it is established that it was reasonably likely that the veteran would have received the position but for the agency's error or misfeasance, then payment of lost wages and benefits would be appropriate. The burden of going forward with reconstruction is on the agency.

The Board's decision ordering reconstruction is affirmed.[1]

---

[1]    Although the agency states in its brief that such reconstruction has been conducted, that aspect is not before us.

## B.

Mr. Grandberry states that the Board erred in not awarding attorney fees. We agree that Mr. Grandberry was a prevailing party at the Board, for he established the USERRA violation and obtained reconstruction of the hiring process. Although he did not obtain the full remedy he requested, he substantially prevailed at the Board.

DHS points out that Mr. Grandberry had not complied with the MSPB procedures for requesting attorney fees, of which he was notified. However, he is not precluded from proceeding in accordance with the rules. If Mr. Grandberry wishes to pursue his right to attorney fees, he should direct his fee request to the Board by filing a motion for fees pursuant to the applicable Board procedures.

Each party shall bear its costs of this appeal.

**AFFIRMED**