# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| YOSUP J. CHOI,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-14-0449-A-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>        Agency. | DATE: April 14, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

A. Brian Henson, Esquire, Decatur, Georgia, for the appellant.

Joshua Roever, China Lake, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his motion for attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, but we MODIFY it to provide the appellant with mixed-case appeal rights. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 25 (2015).

¶2        From August 7, 2012, to December 30, 2012, the agency carried the appellant on sick leave based on a request from his physician. Near the end of that period, the agency asked the appellant to submit documentation clearing him to return to duty. MSPB Docket No. SF-0752-14-0430-I-1, Initial Appeal File (IAF), Tab 6 at 78, 108-09, 126. When he did not do so, the agency offered him a fitness-for-duty (FFD) examination to which he agreed.[2] *Id.* at 93-97. The psychologist who examined him determined that he was not fit for duty, and another psychologist who reviewed updated documentation concurred in that determination. *Id.* at 67-73. As a result, the agency proposed and effected the appellant's removal for having failed the FFD examination. *Id.* at 56-60, 63-66. After filing an equal employment opportunity (EEO) complaint with the agency, *id.* at 47-54, the appellant filed an appeal with the Board challenging the removal and claiming that the agency constructively suspended him during the period from

---

[2] After the appellant's sick leave ran out, he was allowed to use the remainder of his annual leave, and was then placed on leave without pay pending resolution of his employment status.

December 31, 2012, until May 19, 2013, the effective date of his removal, *id.*, Tab 1.

¶3     In an initial decision based on the written record, the administrative judge considered both actions. *Id.*, Tab 22, Initial Decision (ID).  He found that the appellant reasonably believed that he had to be medically cleared before he could return to duty, that he was, therefore, constructively suspended, and that, because the period of leave lasted more than 14 days and was imposed without providing him minimum due process, the suspension must be reversed.  ID at 3-6.  The administrative judge ordered the agency to cancel the suspension and retroactively restore the appellant, effective December 31, 2012, until the date of his removal, and to pay him "the appropriate amount of back pay (if any) with interest" in accordance with the Office of Personnel Management (OPM) regulations.  ID at 14.  The administrative judge sustained the removal, ID at 7-13, but found unsupported the appellant's claims of national origin and disability discrimination and retaliation for protected EEO activity, ID at 10-13. The initial decision became the Board's final decision as to both actions when neither party filed a petition for review.

¶4     The appellant filed a timely motion for attorney fees based on the constructive suspension action.  Attorney Fees Appeal File, Tab 1.  In response, the agency challenged the motion on numerous grounds, *id.*, Tab 3, and the appellant replied thereto, *id.*, Tab 4.

¶5     In his initial decision, the administrative judge denied the fee motion.  *Id.*, Tab 6, Attorney Fees Initial Decision (AFID) at 1, 4.  He assumed without deciding that the appellant was the prevailing party and that he incurred fees through an attorney-client relationship, but because he received only nominal relief, he did not show that fees were warranted in the interest of justice or, alternatively, that an award of any fees would be reasonable.  AFID at 2.

¶6     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶7        On review, the appellant argues, inter alia, that fees should be awarded because he obtained the relief he sought, cancelation of the suspension and back pay. *Id.*, Tab 1 at 3. In fact, however, at the time the appellant filed his petition for review, the administrative judge had already determined, in a separate compliance proceeding, that the appellant was not entitled to back pay because the agency had sufficient evidence showing that he was not ready, willing, and able to work during all or part of the constructive suspension period, and he did not show otherwise. *Choi v. Department of the Navy*, MSPB Docket No. SF-0752-14-0449-C-1, Compliance Initial Decision at 1-4 (Nov. 18, 2014). The Board has, this date, affirmed that decision. *Choi v. Department of the Navy*, MSPB Docket No. SF-0752-14-0449-C-1, Final Order at 2 (Apr. 14, 2015).

¶8        In *Farrar v. Hobby*, 506 U.S. 103, 114 (1992), the Court held that if a party is found to have prevailed, "the degree of [his] overall success goes to the reasonableness" of a fee award (quoting *Texas State Teachers Assn. v. Garland Independent School District*, 489 U.S. 782, 793 (1989)). The Board has followed that rule. *See Arnold v. Department of the Air Force*, 94 M.S.P.R. 17, ¶ 20 (2003); *see also Garcia v. U.S. Postal Service*, 83 M.S.P.R. 458, ¶ 7 (1999); *Stein v. U.S. Postal Service*, 65 M.S.P.R. 685, 689-90 (1994).

¶9        Here, the appellant's retroactive restoration, which lasted only until the date of his removal, was technical and had no real effect on his employment status. As noted, he received no back pay as a result of the agency's unjustified action, and back pay was what he sought inasmuch as the agency's failure to provide it was the sole basis for his petition for enforcement. Any moral satisfaction the appellant may have received based on the administrative judge's finding that the agency denied him due process in connection with the constructive suspension represented only nominal relief and we therefore agree with the administrative

judge that it does not support an award of attorney fees.[3] *See Farrar*, 506 U.S. at 114-115; *see also Jacobsen v. Department of Justice*, 103 M.S.P.R. 439, ¶¶ 11-12 (2006), *aff'd*, 500 F.3d 1376 (Fed. Cir. 2007).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

---

[3] We note the appellant's argument on review that fees are warranted in the interest of justice because the agency knew or should have known that its action could not sustained and was clearly without merit.  PFR File, Tab 1 at 3-5.  Because we agree with the administrative judge's denial of fees, we need not address the appellant's claim. *See Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 10 n.4 (2011) (when the relief obtained is merely nominal, the determination of reasonable fees is indistinguishable from the interest of justice analysis).

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.