NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TIMOTHY M. SCHULTZ,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

———————————

2024-2326

———————————

Petition for review of the Merit Systems Protection Board in No. CH-3330-17-0162-P-1.

———————————

Decided:  May 12, 2025

———————————

TIMOTHY M. SCHULTZ, Murfreesboro, TN, pro se.

TATE NATHAN WALKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

———————————

Before PROST, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Timothy M. Schultz petitions for review of a Merit Systems Protection Board ("MSPB") order denying his request for various types of damages. *Schultz v. Dep't of Veterans Affs.*, No. CH-3330-17-0162-P-1, 2024 WL 3466940 (M.S.P.B. July 18, 2024). For the reasons below, we affirm.

BACKGROUND

Mr. Schultz is a veteran who served in the U.S. Army. As of May 2015, Mr. Schultz was employed as a Medical Support Assistant in Madison, Wisconsin. In July 2016, Mr. Schultz applied for a Medical Support Assistant position in Dubuque, Iowa. Mr. Schultz was not selected for the position.

Thereafter, Mr. Schultz filed a veterans' preference complaint with the Department of Labor based on this non-selection. The Department of Labor investigated the complaint and found that the Department of Veterans Affairs ("VA") violated Mr. Schultz's veterans' preference when it selected another candidate with no preference. *See Schultz v. Dep't of Veterans Affs.*, No. CH-3330-17-0162-P-1, 2022 WL 17736082 (M.S.P.B. Dec. 16, 2022) ("*Decision*"); Resp't's Br. 4. "In remediation, the agency subsequently canceled the vacancy announcement, restored the selected employee to his previous position within the agency, and informed [Mr. Schultz] it would re-advertise the position under a new vacancy announcement." *Decision*, 2022 WL 17736082. Mr. Schultz did not apply for the new vacancy.

Instead, Mr. Schultz appealed to the MSPB, alleging that the VA had violated his right to compete under the Veterans Employment Opportunities Act of 1998 ("VEOA"). The administrative judge initially denied Mr. Schultz's request for corrective action, but on appeal to the full MSPB, the MSPB reversed that determination. "It added that, because it was not clear whether [Mr. Schultz] would have been selected absent the violation, the remedy

under VEOA was to reconstruct the selection process for the position, which the agency failed to do properly. . . . The [MSPB] clarified that proper reconstruction of the selection required the agency to conduct an actual selection process based on the same circumstances surrounding the original faulty selection." *Id.* (internal citations omitted); *see also Schultz v. Dep't of Veterans Affs.*, No. CH-3330-17-0162-P-1, 2022 WL 2903382, at *2 (M.S.P.B. July 22, 2022). The MSPB then ordered the VA to reconstruct the hiring process for the vacancy. The reconstruction was ultimately not carried out because Mr. Schultz declined to participate in the process. *Decision*, 2022 WL 17736082 ("Because [Mr. Schultz] did not express an interest in a position, the agency did not proceed with the reconstruction process."); Resp't's Br. 6 ("Mr. Schultz's attorney indicated that Mr. Schultz did not want to participate in the reconstruction process . . . .").

"On September 23, 2022, [Mr. Schultz] filed a petition for lost wages, benefits, and liquidated damages under the [VEOA]." *Decision*, 2022 WL 17736082. The administrative judge denied this petition. *Id.* Mr. Schultz then filed a petition for review with the full MSPB, which affirmed the administrative judge's initial decision. *Schultz*, 2024 WL 3466940, at *1.[1]

Mr. Schultz timely petitioned this court for review of the MSPB's denial of lost wages and other damages. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1]    The full MSPB effectively adopted the administrative judge's initial decision in its final decision. *See Schultz*, 2024 WL 3466940, at *1. Therefore, we primarily cite to the initial decision in this opinion for the MSPB's reasons for denial of damages.

DISCUSSION

We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

"If the [MSPB] . . . determines that an agency has violated a right described in section 3330a, the [MSPB] . . . shall order the agency to comply with such provisions and award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved." 5 U.S.C. § 3330c(a). As the MSPB explained, § 3330c(a) has two requirements: "(1) the agency must have violated the appellant's veterans' preference rights; and (2) the appellant must have lost wages or benefits as a result of the violation." *Decision*, 2022 WL 17736082. The MSPB agreed that the first requirement was met here. As to the second requirement, the MSPB explained that "the appellant must have lost wages or benefits *as a result of the violation*," *id.* (emphasis in original), and that "an individual may be entitled to lost wages or compensation for lost benefits only if it is determined that he or she *would have been selected by the agency if the violation had not occurred*," *id.* (emphasis added). In Mr. Schultz's case, because he decided not to participate in the reconstruction process, the MSPB concluded that Mr. Schultz had "failed to establish he would have been selected for the vacancy." *Id.* We agree.

"If it is established that it was reasonably likely that the veteran would have received the position but for the agency's error or misfeasance, *then* payment of lost wages and benefits would be appropriate." *Grandberry v. Dep't of Homeland Sec.*, 406 F. App'x 472, 475 (Fed. Cir. 2010)

(emphasis added).[2] Here, because Mr. Schultz decided not to participate in the reconstruction process, it is unknown whether he would have received the position but for the violation. Therefore, we agree with the MSPB that Mr. Schultz has not shown that he lost wages "by reason of the violation involved." § 3330c(a).

As to liquidated damages, § 3330c(a) states: "If the Board or court determines that such violation was willful, it shall award an amount equal to backpay as liquidated damages." *Id.* Mr. Schultz does not appear to challenge the denial of liquidated damages. And in any event, he has presented no evidence of willfulness as required by the statute. Therefore, even if Mr. Schultz's petition for review is read to include a request for liquidated damages, we agree with the MSPB that he has not demonstrated entitlement to as much here. *Decision*, 2022 WL 17736082, at n.3.

Mr. Schultz also requests potential other damages, including mileage and time, among other things. The MSPB denied Mr. Schultz's request for additional damages because it "is not authorized to award consequential damages, out-of-pocket expenses, or front pay under VEOA." *Decision*, 2022 WL 17736082. On appeal, Mr. Schultz has not presented any authority that the MSPB is able to provide such a remedy or that the MSPB erred in its legal conclusion on this point. Therefore, we agree with the MSPB

---

[2]     *Grandberry*'s conclusion in this regard was made with respect to 38 U.S.C. § 4324(c)(2), but *Grandberry* explained that § 4324(c)(2) and § 3330c (at issue in this case) "contain virtually identical remedy provisions." 406 F. App'x at 474. Indeed, *Grandberry* looked to *Marshall v. Department of Health and Human Services*, 587 F.3d 1310 (Fed. Cir. 2009), a § 3330c case, for guidance on how to interpret § 4324(c)(2). For this reason, under the facts before us, we find *Grandberry*'s conclusion persuasive here.

that Mr. Schultz has "failed to establish an entitlement to these additional damages." *Id.*

## CONCLUSION

We have considered Mr. Schultz's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the MSPB's denial of damages.

## **AFFIRMED**

### COSTS

No costs.