NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC WILLIAMS,**
*Petitioner,*

v.

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2010-3153

---

Petition for review of the Merit Systems Protection Board in AT3443070858-B-3.

---

Decided: December 14, 2010

---

ERIC WILLIAMS, N. Charleston, South Carolina, pro se.

P. DAVID OLIVER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES Deputy Director.

---

Before LINN, PLAGER, and PROST, *Circuit Judges.*

PER CURIAM.

Eric Williams ("Williams") appeals the final judgment of the Merit System Protection Board ("Board" or "MSPB"), finding that the United States Department of the Air Force ("Air Force") did not violate Williams's rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *Williams v. Dep't of the Air Force,* No. AT3443070959-B-3 (MSPB July 16, 2010) ("*Final Order*"). Because substantial evidence supports the Board's decision, this court *affirms.*

## BACKGROUND

In 2005 Williams applied for a Contract Specialist position, GS-1102-07, target GS-11 ("GS-7 Contract Specialist"), with the Air Force. To fill that position, the Office of Personnel Management ("OPM") provided the Air Force with two lists of eligible candidates, one from Administrative Careers with America ("ACWA"), which involved a competitive examination process, and the other from the Outstanding Scholars Program, which did not require a competitive examination. Williams completed the examination and was included in the ACWA list. He was listed as a ten-point preference eligible veteran. Williams interviewed for the position on August 30, 2005, and was notified of his non-selection in a letter dated September 15, 2005. Instead, the Air Force selected thirteen individuals for the position, seven from the Outstanding Scholars Program and six from the ACWA list. Eight of the thirteen selected candidates were veterans. Williams subsequently performed active-duty military service from January 2006 until February 2007.

Williams filed two challenges related to his non-selection. First, he filed a complaint with the United

States Department of Labor, which he ultimately appealed to the Board, alleging that the Air Force violated his rights under the Veterans Employment Opportunities Act ("VEOA"). Second, in what ultimately led to this appeal, Williams filed an appeal with the MSPB's Regional Office claiming that his non-selection violated the USERRA. The two cases, while separate, are related and their procedural history is intertwined. To describe the background of this appeal, this opinion will first discuss the history of Williams's VEOA appeal and then summarize the history of the current case, Williams's USERRA appeal.

### Williams's VEOA appeal

In a letter dated June 27, 2007, while Williams's VEOA appeal was pending, the Air Force stipulated that its selection of candidates from the Outstanding Scholars Program was erroneous in light of *Dean v. Department of Agriculture*, 104 M.P.P.R. 1 (2006). In *Dean*, the Board concluded that to the extent the Outstanding Scholars Program is used to avoid the competitive examination process when veterans' preference rights are at issue, such use violates the VEOA. *Dean*, 104 M.S.P.R. at ¶ 13. The Air Force also stipulated that Williams would have been hired in 2005 but for the Air Force's use of the Outstanding Scholar's Program. The Board ordered corrective action and Williams was retroactively appointed to the GS-7 Contract Specialist position along with backpay and benefits from September 2005. *Williams v. Dep't of the Air Force*, No. AT3443060118-C-1 (MSPB Feb. 11, 2009). Williams, however, declined the offer of the GS-7 Contract Specialist position because the Air Force did not offer him a grade level of GS-9 or -11, which the initially selected employees had since achieved. The Board issued an order on June 5, 2009, finding that the Air Force had complied with its instructions. *Wil-*

*liams v. Dep't of the Air Force*, No. AT3443060118-X-1 (MSPB June 5, 2009). On November 25, 2009, the Board denied Williams liquidated damages for violation of his VEOA rights because at the time the Air Force made its selections it was not aware of the Board's decision in *Dean* and therefore did not willfully violate the VEOA. *Williams v. Dep't of the Air Force*, No. AT3443060118-P-2 (MSPB Nov. 25, 2009).

### Williams's USERRA appeal

In his USERRA appeal, Williams argued that his military service played a substantial or motivating factor in his non-selection in violation of USERRA. In addition, Williams argued that active military service subsequent to his non-selection would have entitled him to reemployment at the grade level of GS-11under USERRA had the Air Force hired him, as required, in 2005. The Board found that Williams had sufficiently alleged these claims to confer jurisdiction on the Board. *Williams v. Dep't of the Air Force*, No. AT3443070858-I-1 (MSPB Apr. 15, 2008). The administrative judge ("AJ") deferred consideration of the issues until after the Board decided whether the Air Force had complied with its order in the VEOA appeal. *Williams v. Dep't of the Air Force*, No. AT3443060118-P-1, AT3443070858-B-1 (MSPB Aug. 4, 2008). On July 22, 2009, Williams refiled his USERRA appeal. The AJ denied the appeal finding that Williams: (1) failed to show that his status as a veteran was a substantial or motivating factor in his non-selection; and (2) did not submit an application for reemployment with the Air Force no later than 90 days after the completion of his period of military service as required by USERRA. *Williams v. Dep't of the Air Force*, No. AT3443070858-B-3 (MSPB Dec. 29, 2009) ("*Initial Decision*"). The Board denied Williams's petition for review finding that there was no new, previously unavailable evidence and that the

AJ made no error affecting the outcome. *Williams v. Dep't of the Air Force*, AT3443070858-B-3 (MSPB July 16, 2010). The Board clarified that:

> The appellant's failure to identify the names of any applicants hired by the agency who were not required to take an examination is not dispositive. Instead, we find that the mere fact that the agency used competitive and non-competitive hiring authorities to fill the position, and that the use of such authorities affected whether a competitive examination was used or not, does not establish that the appellant's military status was a substantial or motivating factor in the nonselection. With regard to the agency's use of a competitive examination, it appears that at least some veterans were also exempt from that requirement given that two 5-point preference eligibles were initially hired in this case, presumably without passing a competitive examination, under the Outstanding Scholar Program.

*Id.* at 2. Williams filed a timely appeal with this court on July 22, 2010. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

This court's review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. *See, e.g.*, *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321 (Fed. Cir. 1999).

To prevail on a discrimination action under USERRA, an appellant "bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). To be entitled to relief under VEOA, on the other hand, the appellant must show by a preponderance of the evidence that the agency's action violated any statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a. Because the two claims require proof of different elements, a finding that VEOA has been violated does not necessarily establish a violation of USERRA. This court has "interpreted a violation of USERRA to require 'discriminatory animus'—in other words, a veteran must establish he was treated in a harsher manner than were non-veterans." *Jolley v. Dep't of Hous. & Urban Dev.*, 299 Fed. App'x 966, 968 (Fed. Cir. 2008) (quoting *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 n.3 (Fed. Cir. 2001)). "As opposed to USERRA, which simply provides that veterans may not be discriminated against, VEOA actually provides veterans a preference in hiring in certain circumstances. It is through VEOA that veterans receive additional points in the competitive hiring process." *Jolley*, 299 Fed. App'x at 968.

Williams argues in this appeal that he was discriminated against in violation of USERRA because he was required to take an exam while Outstanding Scholars were not and because the Board previously held that his VEOA rights had been violated.[1] Williams does not argue

---

[1] In his informal reply brief, Williams requests that we review *Marshall v. Department of Health & Human Services*, 587 F.3d 1310 (Fed. Cir. 2009), while considering his case. *Marshall*, however, is inapplicable here because it deals with a VEOA claim and does not even mention

that the Board erred in finding that he did not submit the required application for reemployment with the Air Force after the completion of his active military service.

Substantial evidence supports the Board's decision. As noted by the Board, Williams was interviewed for the position in the initial selection process "demonstrat[ing] that he was considered among the most qualified candidates for the position." *Initial Decision* at 6. Further, six of the candidates selected by OPM were veterans and two of the Outstanding Scholars selected for the position had veteran's preference. *Id.* This suggests that veteran status was not a motivating factor in Williams's nonselection. Substantial evidence supports the Air Force's decision and shows no discrimination against him because of his veteran status.

For the foregoing reasons, the Board's decision is *affirmed*.

## AFFIRMED

### COSTS

Each party shall bear its own costs.

---

USERRA. Moreover, in *Marshall*, this court required the agency at issue "to offer the same-or, as near as possible, a substantially equivalent-position to the veteran" along with "compensation for any loss of wages or benefits" suffered by reason of a VEOA violation. Williams did, in fact, receive the compensation ordered in *Marshall*—appointment to a GS-7 Contract Specialist position along with backpay and retroactive benefits—in his VEOA claim.