NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC WILLIAMS,**
*Petitioner,*

v.

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2013-3026

---

Petition for review of the Merit Systems Protection Board in consolidated Nos. AT3443060118-B-1 and AT3443060118-C-2.

---

Decided: April 4, 2013

---

ERIC WILLIAMS, of North Charleston, South Carolina, pro se.

MICHELLE R. MILBERG, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before NEWMAN, BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

Eric Williams appeals from the final decision of the Merit Systems Protection Board ("Board") awarding a remedy for the violation of Williams's rights under the Veterans Employment Opportunities Act of 1998, 5 U.S.C. §§ 3330a-3330c ("VEOA"). Williams contends that the remedy was inadequate. We *affirm*.

## BACKGROUND

In 2005, Williams applied to the Department of the Air Force ("Air Force") for the position of Contract Specialist, GS-1102-07, target GS-11 (the "GS-7 position"). *See Williams v. Dep't of the Air Force*, 407 F. App'x 421, 422 (Fed. Cir. 2010). Although he was a ten-point preference eligible veteran, Williams was not selected for the position. *Id.* Williams was subsequently called up to active duty in Iraq in January 2006, and served until February 2007. *Id.*

Williams filed a complaint alleging that the Air Force had violated his veterans' preference rights under the VEOA. *Id.* at 422. In June 2007, the Air Force stipulated that the selection process it had used to fill the GS-7 position in 2005 was improper, and that Williams should have been selected. *Williams v. Dep't of the Air Force*, 2008 M.S.P.B. 91, ¶ 3. After protracted proceedings, the agency offered Williams the GS-7 position on March 11, 2009. *See Williams v. Dep't of the Air Force*, 2011 M.S.P.B. 19, ¶ 5. Williams rejected the offer, however, contending that he was entitled to be hired at a higher grade level. *See Williams*, 407 F. App'x at 422. The Board then dismissed Williams's claim for employment as moot in view of Williams's refusal to accept the GS-7 job offer. The Board remanded the question of Williams's entitlement to compensation for lost wages and benefits. *Williams v. Dep't of the Air Force*, 111 M.S.P.R. 356, 357 (M.S.P.B. 2009).

In November 2011, pursuant to the remand, the ad-

ministrative judge ("AJ") issued an initial decision awarding Williams lost wages and benefits from November 14, 2005 (the date on which the individuals selected in place of Williams began working) through March 11, 2009 (the date on which the agency offered him the GS-7 position). *See Williams v. Dep't of the Air Force*, No. AT-3443-06-0118-B-1 (M.S.P.B. Nov. 7, 2011) (initial decision). To determine the amount of lost wages, the AJ constructed a hypothetical employment history. Because Williams was called to active duty in the middle of the period of hypothetical employment, the AJ was obligated to take into account when constructing this history the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-35, which requires that a returning veteran be treated comparably with coworkers who remained continuously employed.

Although Williams would have begun his employment in November 2005 at GS-7, he would have been eligible for promotion to GS-9 after working for 52 weeks at GS-7 and completing 1,696 hours of training, and eligible for further promotion to GS-11 after 52 weeks at GS-9 and another 1,696 hours of training. The AJ assumed that Williams would have completed his training-hours requirement as promptly as possible while at the agency. The AJ apparently found that Williams could not have received the necessary training while away on active duty from January 2006 to February 2007.[1] The AJ therefore concluded that Williams would have been eligible for promotion to GS-9 in December 2007, after one year of working at the agency, and eligible for further promotion in January or February of 2009.[2]

---

[1] On review of the AJ's decision, the Board noted that Williams "does [not] claim that he obtained [the necessary] training . . . while he was performing military service." *Williams v. Dep't of the Air Force*, Nos. AT-3443-06-0118-B-1, AT-3443-06-0118-C-2, slip op. at 3 (M.S.P.B. Oct. 26, 2012).

[2] Although the AJ found that Williams would have been "eligible for promotion to . . . GS-9 in approximately

Williams sought review before the Board, challenging both the sufficiency of the March 2009 job offer and the AJ's calculation of damages, and the Board denied his petition. *Williams v. Dep't of the Air Force*, Nos. AT-3443-06-0118-B-1, AT-3443-06-0118-C-2 (M.S.P.B. Oct. 26, 2012) (final order). Williams then appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review the Board's decision to determine whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; obtained "without observance of procedure required by law"; or "unsupported by substantial evidence." 5 U.S.C. § 706(2); *see Marshall v. Dep't of Health & Human Servs.*, 587 F.3d 1310, 1314 (Fed. Cir. 2009).

Williams first challenges the Board's determination that the Air Force's March 2009 offer of the GS-7 position mooted his claim for future employment. Williams asserts that he "was entitled to the GS-11 . . . position [in March 2009 and] not the GS-7 . . . position." Williams Br. 4-5. He bases his argument on an alleged "discrepancy" between the job offer and the back pay award. *Id.* at 5.

The VEOA provides that if the Board "determines that an agency has violated a [preference] right . . . , the Board . . . *shall order the agency to comply with [the preference] provisions*." 5 U.S.C. § 3330c(a) (emphasis added). We have held under different facts that "the appropriate remedy [for a VEOA violation] is for [the veteran] to be placed *in the job for which he applied*." *Marshall*, 587 F.3d at 1317 (emphasis added). In this case, there is no dispute that the only "job for which [Williams] applied" was the GS-7 position. We see no

---

December of 2007," he ultimately concluded that Williams "would have been promoted to the grade of GS-9, Step 1, in January or February of 2008." *Williams*, No. AT-3443-06-0118-B-1, slip op. at 5 (M.S.P.B. Nov. 7, 2011). The AJ did not explain this additional one- to two-month delay, but Williams does not challenge it specifically on appeal.

error in the Board's mootness determination.

Williams also asserts that in calculating his back pay award, the Board failed to take into account his rights under USERRA with regard to his period of active duty service during the hypothetical back pay period. In particular, he asserts that the Board erred by failing to count that thirteen-month period towards the training-hours requirement for promotion to GS-9.

USERRA provides that a returning veteran who has been absent for more than 90 days is entitled to be reemployed "in the position of employment in which the person would have been employed if the [veteran's] continuous employment . . . had not been interrupted . . . , or a position of like seniority, status and pay, the duties of which the person is qualified to perform." 38 U.S.C. § 4313(a)(2)(A). The Supreme Court has interpreted the predecessor to USERRA as entitling a veteran to a so-called "escalator" promotion only if the promotion "'depend[s] simply on seniority,'" and not on "'fitness and ability and the exercise of a discriminating managerial choice.'" *Tilton v. Mo. Pac. R.R. Co.*, 376 U.S. 169, 179 (1964) (quoting *McKinney v. Mo.-Kan.-Tex. R.R. Co.*, 357 U.S. 265 (1958)); *see also Leite v. Dep't of the Army*, 2008 M.S.P.B. 141, ¶ 10 (applying *Tilton* to a USERRA claim). In other words, the veteran must demonstrate with "reasonable certainty . . . that he would have enjoyed advancement" at the earlier time. *Tilton*, 376 U.S. at 180; *see also* 20 C.F.R. § 1002.191. The principle that the veteran is only entitled to receive an "escalator" promotion if he or she is qualified for the new position is reinforced by subsection 4313(a)(2)(B) of USERRA, which allows the employer to place the returning veteran in his or her original position "if the [veteran] is not qualified to perform the duties of [the escalator position] after reasonable efforts by the employer to qualify the [veteran]." *See* 38 U.S.C. § 4313(a)(2)(B).

In order to become eligible for each successive promotion, Williams would have needed to complete successfully 1,696 hours of training, consisting of "a combination of 'on the job' training and classroom training." *Williams*, No.

AT-3443-06-0118-B-1, slip op. at 3 & n.1 (M.S.P.B. Nov. 7, 2011). This training-hours requirement was "independent" of the time-in-grade requirement. *Id.* at 4. Because the promotion to GS-9 depended on successful completion of this training requirement, independent of the time-in-grade requirement, Williams has not demonstrated that, had he been hired and had he not been called to active duty, he would have received the promotion to GS-9 in November 2006 based "'simply on seniority.'" *See Tilton*, 376 U.S. at 179. Furthermore, Williams has not refuted the agency's showing that he could not have been "qualified to perform the duties of" the GS-9 position, *see* 38 U.S.C. § 4313(a)(2)(B), until he completed his training requirement, or that it would have taken him about 44 weeks longer to complete that training requirement after his return from active duty.[3]

Substantial evidence therefore supports the Board's conclusion, for purposes of calculating a back pay award, that Williams would have been entitled to a promotion to GS-9 in December 2007, and to a subsequent promotion to GS-11 in January or February of 2009.

We have considered Williams's other arguments, and find them to be without merit.

## AFFIRMED

### COSTS

No costs.

---

[3]   Williams cites section 4316(a) of title 38, which provides that a returning veteran is "entitled to the seniority and other rights and benefits determined by seniority that the [veteran] had on the date of the commencement of [military] service . . . plus the additional seniority and rights and benefits that [the veteran] would have attained if [he or she] had remained continuously employed." 38 U.S.C. § 4316(a). Since his appeal concerns promotions, rather than seniority or "rights and benefits determined by seniority," section 4313 is the relevant section in this case.