# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE KING,

          Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

          Agency.

DOCKET NUMBER
AT-3330-12-0795-C-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Diane King, Prattville, Alabama, pro se.

Johnston B. Walker, Jackson, Mississippi, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's petition for enforcement of a final Board order. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In a final Board decision dated March 22, 2013, the Board found that the agency violated the appellant's veterans' preference rights during the selection process for a Medical Technologist position for which she had applied. *King v. Department of Veterans Affairs*, MSPB Docket No. AT-03330-12-0795-I-1, Initial Decision (ID) at 5 (Mar. 22, 2013). The Board ordered the agency to remove the selectee from the position and reconstruct the hiring process. ID at 6.

¶3      Thereafter, the appellant filed a petition for enforcement in which she asserted that the agency had not properly reconstructed the hiring process. After affording the parties the opportunity to submit evidence and argument in support of their respective positions, the administrative judge found that the agency was in compliance with the Board's final order and denied the appellant's petition for enforcement. Compliance Initial Decision (CID) at 2-6.

¶4      The appellant raised a number of challenges to the reconstruction below. Upon reconstruction, the agency discovered that it had violated the veterans' preference rights of another 5-point veteran (D.W.) and included both his name and the appellant's name (in addition to a 10-point candidate and a third 5-point

candidate) at the top of the post-reconstruction certificate. Compliance File (CF), Tab 3 at 11-12, 18, 25. The appellant asserted that the agency had not interviewed D.W. or placed his name on the certificate during the original selection process and could not properly do so during reconstruction. The administrative judge correctly found that the reconstructed process was lawful. CID at 6. Had the agency not placed D.W.'s name on the certificate, it would have been unlawful because it would not have afforded him the veterans' preference to which he is entitled.

¶5 The appellant also alleged below that the selecting official gave greater weight during the reconstructed process to the candidates' performance on a job interview than it had in the original process. Although the appellant is correct, she has not explained how this violated her right to veterans' preference or was otherwise improper. *Cf. Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 21 (2010) (a prevailing appellant in an appeal brought under the Veterans Employment Opportunities Act of 1998 (VEOA) is entitled to a proper selection process that affords her all of the veterans' preference rights to which she is entitled, but not necessarily to selection for the position sought). The record reflects that the candidates were asked the same interview questions and we therefore affirm the administrative judge's finding that the appellant was afforded a fair opportunity to compete. CID at 6.

¶6 Finally, the appellant contends without elaboration that the compliance initial decision is inconsistent with *Marshall v. Department of Health & Human Services*, 587 F.3d 1310 (Fed. Cir. 2009), *Dow v. General Services Administration*, 109 M.S.P.R. 342 (2008), and *Endres v. Department of Veterans Affairs*, 107 M.S.P.R. 455 (2007). *See* Petition for Review File, Tab 1 at 3. She does not explain how the compliance initial decision is inconsistent with any of those decisions although they are all VEOA cases, and we find that her argument provides no basis for disturbing the compliance initial decision. We have reviewed these cases and conclude that they do not support the appellant's claim

that the agency failed to properly reconstruct the selection process at issue here. The agency acknowledged that it could not exactly replicate the original selection process because some members of the original selection panel were no longer available.  CF, Tab 3 at 18.  However, in *Dow*, we recognized that precise reconstruction is not always possible, but that the agency is required to make a good faith effort.  The record reflects that it has done so here.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.