NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7035

JOHN M. SCHUMACHER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

John M. Schumacher, of Voorheesville, New York, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7035

JOHN M. SCHUMACHER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 03-1965, Judge William A. Moorman.

—————————————

DECIDED: May 7, 2008

—————————————

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

John M. Schumacher appeals the September 29, 2006, judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court").[1] That decision affirmed a Board of Veterans' Appeals ("Board") decision denying a disability rating in excess of 30% for service-connected gastrointestinal disorder. The Veterans Court remanded to the Board the issue of whether Mr. Schumacher has a pending claim for

---

[1] Schumacher v. Nicholson, No. 03-1965 (Vet. App. Sept. 29, 2006).

an increased rating for a psychiatric disability. Because Mr. Schumacher does not raise any issues within our jurisdiction, we <u>dismiss</u> his appeal.

Our review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Except to the extent an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Schumacher currently has a 30% rating for a gastrointestinal disorder, a 30% rating for a psychiatric disorder, and a combined disability rating of 50%. On appeal, he contends that he should have received a 40% rating for his gastrointestinal disorder under an alleged pre-1996 version of the rating schedule for Diagnostic Code 7319 (Irritable colon syndrome), 38 C.F.R. § 4.114. Mr. Schumacher failed to make this argument to the Veterans Court, which did not cite or interpret or otherwise rely on the rating schedule. Furthermore, the issue involves the application of the rating schedule to the facts of Mr. Schumacher's case. For these reasons, the matter is not within the scope of our review.[2]

---

[2] In any event, we note that the highest rating available for DC 7319 has been 30% at all relevant times in this case. The maximum rating was 30% when the rating schedule was added to the Code of Federal Regulations in 1964, 29 Fed. Reg. 6718 (May 22, 1964) (codifying rating schedule for digestive disorders at 38 C.F.R. § 4.114), and although the rating schedule for digestive disorders has been amended on occasion, the highest rating available for DC 7319 has remained 30%. 66 Fed. Reg. 29,488 (May 31, 2001); 41 Fed. Reg. 11,301 (Mar. 18, 1976); 40 Fed. Reg. 42,540 (Sept. 15, 1975); 34 Fed. Reg. 5063 (Mar. 11, 1969).

With regard to his psychiatric disability, Mr. Schumacher states in his brief that examining psychiatrists declared him to be unemployable because of his mental disorder, and he argues that this should have been considered in determining the appropriate disability rating. This issue also involves the application of the rating schedule to the facts of this case and is therefore outside our jurisdiction. Furthermore, because the Veterans Court remanded the issue of Mr. Schumacher's psychiatric disability to the Board, its decision regarding that issue is not final and thus is not reviewable at this time. Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002).

For the foregoing reasons, we dismiss Mr. McClure's appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.