NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANE KING,**
*Petitioner*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2014-3208

---

Petition for review of the Merit Systems Protection Board in Nos. AT-0330-12-0737-C-1, AT-0330-12-0739-C-1, AT-0330-12-0741-C-1.

---

Decided: February 6, 2015

---

DIANE KING, of Prattville, AL, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner Diane King is a preference eligible veteran who applied for three positions as a Medical Technologist with the Department of Veterans Affairs (the "Agency") and was not hired. Ms. King appeals the final decision of the Merit Systems Protection Board (the "Board") denying her petition for review of three initial Board decisions, each of which denied Ms. King's petition for enforcement of a final Board order requiring that the Agency reconstruct its hiring decision in accordance with veterans' preference procedures. *King v. Dep't of Veterans Affairs*, Nos. AT-0330-12-0737-C-1, AT-0330-12-0739-C-1, AT-0330-12-741-C-1 (M.S.P.B. Aug. 5, 2014) (*Final Decision*).

For the reasons set forth below, we *affirm* the decision of the Board.

BACKGROUND

I

Ms. King is an honorably discharged veteran of the United States Air Force. Parties do not dispute that she is a "five-point" preference eligible veteran under the Veterans Employment Opportunities Act of 1998 ("VEOA").

Ms. King has been previously terminated from federal employment twice. On October 18, 2006, she was removed from her position as a Medical Technologist at the Central Alabama Veterans Health Care System on charges of "(1) copying and removing confidential medical records, and (2) altering a patient's medical records a month after his death by eliminating a notation and adding a personal opinion regarding alleged specimen mishandling." *King v. Dep't of Veterans Affairs*, 276 F. App'x 993, 994 (Fed. Cir. 2008). The Board and this Court affirmed. *Id.*

On May 16, 2011, Ms. King was removed from her position as a Medical Technologist with the United States Army at Fort Stewart. Ms. King filed an action before the Board challenging the removal under the Whistleblower Protection Act. The administrative judge dismissed, finding clear and convincing evidence that the agency would have removed for reasons of conduct her absent any protected whistleblowing, and the Board affirmed. *King v. Dep't of the Army*, No. AT-1221-12-0143-W-3 (M.S.P.B. Aug. 5, 2014). An appeal to this Court is pending. *King v. Dep't of the Army*, No. 2015-3005 (Fed. Cir. filed Oct. 2, 2014).

II

In February 2012, the Agency posted three job announcements for a total of five Medical Technologist positions at the G.V. Montgomery Veterans Administration Medical Center in Jackson, Mississippi, to be filled by competitive hiring. Ms. King applied under each announcement but was not hired. The Agency selected non-preference eligible candidates as well as a different five-point veteran.

Ms. King filed three VEOA appeals with the Board, one per job announcement, alleging that the Agency had violated her veterans' preference rights and requesting that it reconstruct its selection processes.

An administrative judge issued initial decisions granting her requests and ordering reconstruction. *King v. Dep't of Veterans Affairs*, No. AT-0330-12-0737-I-1 (M.S.P.B. Mar. 24, 2013); *King v. Dep't of Veterans Affairs*, No. AT-0330-12-0739-I-1 (M.S.P.B. Mar. 24, 2013); *King v. Dep't of Veterans Affairs*, No. AT-0330-12-0741-I-1 (M.S.P.B. Mar. 24, 2013). The administrative judge found that the Agency had failed to use either of the two methods the VEOA allows for competitive positions—delegated examining, 5 U.S.C. §§ 3304-18, and category rating, 5 U.S.C. § 3319—and ordered the Agency to reconstruct

each selection process in accordance with those requirements.

The Agency reconstructed the three processes and again did not select Ms. King. Her applications were referred to the Agency's selecting official, who formally requested permission to "pass over" Ms. King for reasons of conduct under 5 C.F.R. § 731 and select a non-preference eligible candidate. An accompanying memorandum from the selecting official explains that Ms. King was "previously terminated from a federal facility" in 2006 and 2011 and had "submitted evidence of a poor work history, showing a large time frame during which there is no evidence of employment seen." The Agency's Acting Chief of Human Resources approved the pass-over request, which resulted in Ms. King's non-selection. *Final Decision*, slip op. at 2-3.

Ms. King petitioned the Board for enforcement of each of the three reconstruction orders. In each case, the administrative judge issued an initial decision denying her petitions. *King v. Dep't of Veterans Affairs*, No. AT-0330-12-0737-C-1 (M.S.P.B. Nov. 15, 2013); *King v. Dep't of Veterans Affairs*, No. AT-0330-12-0739-C-1 (M.S.P.B. Nov. 15, 2013); *King v. Dep't of Veterans Affairs*, No. AT-0330-12-0741-C-1 (M.S.P.B. Nov. 15, 2013). Although the Agency had failed to use an approved selection method during the reconstructions, the administrative judge found that no further reconstruction was warranted because the selecting official had reviewed Ms. King's application regardless and she therefore "did not suffer any harm as a result of the agency's error." *See, e.g.*, *id.* at 4.

Ms. King petitioned for review of these initial decisions. The Board joined her appeals together and affirmed as to all three. *Final Decision*, slip op. at 2. The Board found that in each case, Ms. King's application was referred to the selecting official, who requested and received

permission to pass over Ms. King due to her disciplinary record and employment history. *Id.* at 2-3. It further concluded that the Agency had been properly delegated authority to make this decision as to veterans in Ms. King's position. *Id.* (citing 5 C.F.R. § 332.406(a)). Therefore, although the Agency had failed to perform a proper reconstruction, the Board found as a matter of fact that its error was harmless because "the evidence shows that the agency would not have selected the appellant regardless of which procedures it followed because of her poor employment record." *Id.* at 3.

## DISCUSSION

Our review of Board decisions is limited by statute. Except in circumstances not relevant here, we can set a Board decisions aside only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## I

On appeal, Ms. King contends that the Agency used an unapproved hiring method during the reconstructed selection processes. The Board has already ruled that this is so: "[W]e agree with the administrative judge that the agency did not perform a proper reconstruction in these cases." *Final Decision*, slip op. at 3. The issue now is the Board's further conclusion that Ms. King would not have been selected regardless of the faulty process she received. *Id.*; *see also Marshall v. Dep't of Health & Human Servs.*, 587 F.3d 1310, 1316 (Fed. Cir. 2009) (reconstruction is a proper remedy for a VEOA violation where the agency would have selected the veteran absent the violation).

We conclude that the Board's conclusion is supported by substantial evidence. During the reconstructions, the Agency's selecting official requested permission to pass

over Ms. King's application, and received such permission from the Agency's Chief of Human Resources. *Final Decision*, slip op. at 2-3. Had the Agency applied one of the approved selection procedures, Ms. King's application would have at best been sent to the selecting official and passed over.

Ms. King now challenges the pass-over determination. She first contends that the Agency lacked authority to make the determination internally. The Agency has this authority from the Office of Personnel Management, which "has delegated to agencies the authority to adjudicate objections to eligibles, including pass over requests," with exceptions not applicable here. 5 C.F.R. § 332.406(a).

Ms. King also contends that her prior terminations and periods of unemployment were not adequate reasons to pass over her application. She further suggests that, because it is currently on appeal to this Court, her 2011 termination from Fort Stewart is not evidence of poor work history.

Pass-over decisions must be based on "a proper and adequate reason," 5 C.F.R. § 332.406(b), including "[m]isconduct or negligence in employment," 5 C.F.R. § 731.202(b)(1). The Agency and the Board are not barred from considering past conduct that is subject to judicial review. *See U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 7 (2001).

In 2006, Ms. King was terminated "due to the seriousness of her misconduct—altering, copying, and removing confidential medical records . . . ." *King*, 276 Fed. App'x. at 995-96 (affirming the Board's finding). The Agency's selecting official referred to Ms. King's 2006 termination, among other reasons, when requesting to pass over her candidacy for reasons of conduct under 5 C.F.R. § 731.202.

The Board's finding that the Agency "would not have selected the appellant regardless of which procedures it followed because of her poor prior employment record" is supported by substantial evidence. *Final Decision*, slip op. at 3. The 2006 termination, even alone, supports the Board's determination that due to the lawful exercise of the Agency's pass-over authority, there is no further relief that Ms. King can be awarded for the earlier violations of her veterans' preference rights.

CONCLUSION

For the reasons stated above, we *affirm* the Board's final decision, which denied Ms. King's petitions for review and affirmed the administrative judge's initial decisions denying her petitions for enforcement of the reconstruction orders.

**AFFIRMED**

COSTS

No costs.