# United States Court of Appeals for the Federal Circuit

---

**STEPHEN W. GINGERY,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3110

---

Petition for review of the Merit Systems Protection Board in case no. CH3330090712-X-1.

---

Decided: October 5, 2012

---

STEPHEN W. GINGERY, of Macomb, Michigan, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before NEWMAN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge*.

Stephen W. Gingery appeals the Merit Systems Protection Board's ("MSPB" or "Board") dismissal of his petition for enforcement of its earlier order that provided guidelines to the Department of Veterans Affairs ("VA") to reconstruct the job selection process of which Mr. Gingery was part. *Gingery v. Dep't of Veterans Affairs*, No. CH3330090712-X-1 (M.S.P.B. May 20, 2011). We *affirm*.

BACKGROUND

In February 2009, the VA issued vacancy announcements for a GS-5/6 Accounting Technician position under its open competitive process and its merits promotion process. The agency accepted Mr. Gingery's application for both vacancies, but the certificate of eligibles only included the name of a candidate internal to the agency. The VA selected that candidate for the job pursuant to a collective bargaining agreement that required the VA to consider filling employment vacancies internally before considering external applicants. Mr. Gingery appealed the selection to the Board, which found that the VA violated Mr. Gingery's rights under the Veterans Employment Opportunity Act ("VEOA"), 5 U.S.C. § 3304(f), by following internal policies and thus failing to consider him for the position. The Board ordered the VA to reconstruct the hiring process such that Mr. Gingery and any other qualified preference eligible veteran could be considered. After two reconstructions that were appealed to and reversed by the Board, the Board gave the VA specific guidelines for how to reconstruct its selection process. Among those guidelines, the Board required the VA to provide a sworn statement regarding the process, explain the "incomplete" label on the selectee's application, provide evidence it offered Mr. Gingery an interview, and

submit a statement explaining the rationale of its selection.

On its third attempt at reconstruction, the VA selected the same internal candidate it had originally chosen. Mr. Gingery petitioned the Board to enforce its earlier order, alleging the VA failed to follow the prescribed guidelines. Before the Board, the VA submitted four sworn declarations from VA personnel who participated in the hiring process, addressing each of the guidelines specified by the Board. The Board found, based on the VA's evidence, that Mr. Gingery was provided with the same opportunity to interview for the job and asked the same questions as the other candidates being considered. Furthermore, the Board accepted the VA's rationale for selecting the candidate in lieu of Mr. Gingery—that the candidate's prior experience at the VA gave her a familiarity with the accounting system that Mr. Gingery lacked.

Mr. Gingery appeals the Board's finding that the VA was in compliance resulting in the dismissal of his petition for enforcement as moot.

## DISCUSSION

The scope of review in an appeal from an MSPB decision is limited. We can only set aside a MSPB decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Mr. Gingery makes several arguments for why the Board's decision is wrong. First, he alleges that the Board's reconstruction order conflicts with the VA's internal policy of considering internal candidates first, apparently intending to challenge the VA's policy favoring internal candidates. Yet, this is not a live issue before us because Mr. Gingery already prevailed on this issue before the Board in 2010, and no appeal was taken. Mr. Gingery admits as much in his brief, explaining that "remand is not actually necessary because this conflict doesn't actually exist." Appellant's Br. 10. Second, Mr. Gingery argues that the final selection violated his VEOA rights because he did not receive a "bona fide selection." He alleges that the selected candidate was the least qualified and that the VA did not comply with the Board's specifications because it did not file a candidate scoring sheet. Yet, the VA submitted sworn declarations and statements explaining its selection process and explained that the candidate was selected over others, including Mr. Gingery, because she had prior experience at the VA that rendered her familiar with the accounting system in place. The Board's reliance on this evidence to uphold the reconstruction result is not an abuse of discretion. To the extent that Mr. Gingery's complaint is that he was not awarded the position despite his VEOA rights, he is mistaken that his status entitles him to the job itself; it only entitles him to a lawful selection process. Finally, Mr. Gingery appears to challenge the reconstruction process as an improper remedy under 5 U.S.C. § 3330c(a), which requires the MSPB to "order the agency to comply with" portions of the VOEA it violated. Yet, as Mr. Gingery indicates in his brief, this court recognized that reconstruction of the selection process is a proper means of complying with § 3330c(a) where it is uncertain whether the veteran would be selected for the position. *Marshall v. Dep't of Health & Human Servs.*, 587 F.3d

1310, 1317 (Fed. Cir. 2009); *see Kirkendall v. Dep't of the Army*, 573 F.3d 1318, 1325 (Fed. Cir. 2009). Here, contrary to Mr. Gingery's representations, it was uncertain whether he would have been selected for the position under the proper competitive selection process, thus it was proper to require the VA to complete a reconstruction of the selection process.

Because the Board properly found the VA in compliance with its earlier decision and dismissed Mr. Gingery's petition for enforcement as moot, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**