# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHILIP M. MODESTE,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
AT-3330-13-0146-X-1

DATE: May 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Philip M. Modeste</u>, Minneola, Florida, pro se.

<u>Dana C. Heck</u>, Esquire, Saint Petersburg, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

This compliance proceeding was initiated by the appellant's July 29, 2014 petition for enforcement of the Board's June 19, 2014 order. On September 15, 2014, the administrative judge issued an initial decision recommending that the Board find the agency not in compliance with the order, and the agency's

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

noncompliance was referred to the Board for consideration. *See* MSPB Docket No. AT-3330-13-0146-C-1, Compliance File, Tab 7, Compliance Initial Decision (CID). After fully considering the filings in this appeal, and based on the following points and authorities, we now find the agency in compliance with the Board's order. Accordingly, we hereby DISMISS the appellant's petition for enforcement, based on our finding that the agency is in compliance. 5 C.F.R. § 1201.114(e), (g).

In the September 15, 2014 initial decision, the administrative judge found that the agency did not show that it engaged in a real reconstructed hiring process because it did not show that it first removed the previous selectee from the position prior to commencing the process. CID 3-4. As a result, the administrative judge ordered the agency to remove the original selectee from the position, initiate a new and real reconstructed hiring process, and provide a narrative explanation of the steps it took to engage in the newly reconstructed process. CID at 4.

On October 24, 2014, the agency submitted its "Statement Regarding Compliance" to the Board. *See* MSPB Docket No. AT-3330-13-0146-X-1, Compliance Referral File (CRF), Tab 2. In its submission, the agency demonstrated that it commenced a new reconstructed hiring process on September 21, 2014. *See id.* at 1. The agency's submission included documentary evidence and affidavits showing that the agency first removed the original selectee from the position, and then proceeded to engage in a new reconstructed selection process for the position that included consideration of all qualified applicants under the Veterans Employment Opportunities Act (VEOA) who were not previously considered. CRF, Tab 2. The agency did not, however, provide any evidence showing that the reconstructed hiring process was the same process used as during the original hiring process. *Id*. Accordingly, on January 22, 2015, the Board ordered the agency to submit additional evidence detailing the original hiring process for the position, along with a narrative

explanation explaining any variance between the original hiring process and the reconstructed hiring process. CRF, Tab 4 at 2.

On February 10, 2015, the agency submitted its "Statement in Response to Board's Order." CRF, Tab 5. In its statement, the agency admitted that during the original hiring process, it did conduct interviews of the top six candidates, and did not do so during the reconstructed process. *See id.* at 4-5. The agency admitted the same as to reference checks. *Id*. But the agency explained that it did not conduct new interviews or reference checks during the reconstructed process because the appellant did not rank in the top six candidates during the reconstructed process. *Id*. As a result, even though the agency did not conduct new interviews, the appellant's application was still considered and ranked along with all other qualified applicants. CRF, Tab 2 at 1-3. Therefore, the agency has now established that the appellant was allowed to compete for the position, as required by VEOA. Accordingly, we hereby find the agency in compliance with the Board's June 19, 2014 order.

Regarding the appellant's request for damages based on his assertion that the agency did not prove he was not the best qualified candidate for the position, we DENY the request. When the Board finds a violation of VEOA, if it is uncertain whether the appellant would be selected for the position in a reconstructed hiring process, the agency is not required to award the position to the appellant. *See* 5 U.S.C. § 3330c(a); *see also Gingery v. Department of Veterans Affairs*, 480 F. App'x 588, 591-92 (Fed. Cir. 2012). It is only required to reconstruct the hiring process in a manner that allows the appellant, along with any other qualified veterans or preference eligibles, to properly compete for the position. *Id.* Here, the agency met its burden by demonstrating that it properly reconstructed the hiring process; it does not also need to prove that the appellant was not most qualified for the position.

Therefore, the Board finds that the agency is in compliance and DISMISSES the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.