# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STANLEY HAYES,
DOCKET NUMBER

Appellant,
SF-0752-18-0002-I-1

v.

DEPARTMENT OF THE INTERIOR,
DATE: February 3, 2023

Agency.

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brook L. Beesley</u>, Alameda, California, for the appellant.

<u>Scott Hulbert</u> and <u>Dusty Parson</u>, Boise, Idaho, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the parties did not intend for the settlement agreement to be entered into the record for enforcement purposes, and AFFIRM the dismissal of the appeal as settled.

## BACKGROUND

¶2 The appellant filed a Board appeal, which the parties resolved by settlement agreement. Initial Appeal File (IAF), Tab 1, Tab 20 at 5-9. On March 19, 2018, the agency submitted the agreement into the record. IAF, Tab 20. The same day, the administrative judge issued an order, in which she notified the parties that she would not enter the agreement into the record for enforcement purposes unless the parties notified her, by March 22, 2018, of their intent that it be entered for that purpose. IAF, Tab 21 at 1-2. On March 19, 2018, the Western Regional Office served the order on the agency electronically and on the appellant and his representative by mail. *Id.* at 3. It is undisputed that neither party submitted a timely response.

¶3 On March 23, 2018, the administrative judge issued an initial decision dismissing the appeal as settled. IAF, Tab 22, Initial Decision (ID) at 1-2. She found that the agreement was lawful on its face and that the parties freely entered into it, but was silent as to whether the parties intended for the Board to retain jurisdiction for enforcement purposes. *Id.*

¶4 The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has submitted a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 On review, the appellant challenges the administrative judge's decision not to enter the agreement into the record for enforcement purposes. PFR File, Tab 1 at 1-4. He argues that the agency's entering of the agreement into the record presumptively established that the parties intended for the Board to retain jurisdiction to enforce the agreement, and that the additional documentation he submits on review further proves that was the parties' intent. *Id.*

¶6    The Board retains jurisdiction to enforce a settlement agreement if it has been entered into the record for that purpose. *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 16, 21 (2017). If the parties enter an agreement into the record and it is approved by the administrative judge, it will be enforceable by the Board unless the parties clearly specify that they do not want Board enforcement. *Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107-08 (1997); *see* 5 C.F.R. § 1201.41(c)(2)(i) (providing that a settlement agreement will be made a part of the record, and the Board will retain jurisdiction to ensure compliance therewith, if the parties offer it for inclusion into the record and the judge approves it). Although the agency offered the settlement agreement into the record, there was no indication as to the appellant's position concerning its entry. IAF, Tab 20.

¶7    As for the supplemental information that the appellant provides on review, generally, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). The appellant's inability to supplement the record before the deadline was attributable to the unreasonably short period of time—3 days—he was given to receive and prepare a response to the March 19, 2018 Order. IAF, Tab 21; *see Lagreca v. U.S. Postal Service*, 114 M.S.P.R. 162, ¶ 6 (2010) (observing that the Board presumes a 5-day mailing time). He acted promptly after receiving the order to obtain and submit additional information, which, for the reasons explained below, affects the outcome of the appeal. PFR File, Tab 1 at 5-7; *see Russo v. Department of Veterans Affairs*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not

grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we consider the appellant's additional arguments and evidence submitted on review.

¶8      The appellant provides a two-page request for reconsideration that he filed with the Western Regional Office on March 23, 2018, explaining that the parties jointly intended for the agreement to be entered into the record for enforcement purposes. PFR File, Tab 1 at 5-7. He also submits a March 23, 2018 email from the agency evidencing its concurrence with the appellant's position. PFR File, Tab 1 at 8. Similarly, in its response, the agency avers that the parties intended for the Board to retain jurisdiction over the settlement agreement. PFR File, Tab 3 at 4. Therefore, we find that, when considering the parties' submission on review, the record reflects that they intended for the Board to retain jurisdiction over the settlement agreement. *See Hester v. U.S. Postal Service*, 72 M.S.P.R. 149, 151-52 (1996) (relying on the statements of the parties, as reflected in the administrative judge's recorded notes, to determine whether they intended for the settlement agreement to be entered into the record for enforcement purposes when the agreement was silent on that issue). We reverse the administrative judge's finding otherwise and enter the settlement agreement into the record for enforcement purposes.[2]

---

[2] On review, the agency argues that the appellant's petition for review is moot because it was in compliance with the settlement agreement. PFR File, Tab 3 at 3-4. While a party's compliance with the settlement agreement may render a petition for enforcement moot, *Gingery v. Department of Veterans Affairs*, 117 M.S.P.R. 354, ¶ 18, *aff'd*, 480 F. App'x 588 (Fed. Cir. 2012), the appellant has not filed a petition for enforcement, PFR File, Tab 1. In any event, the issue of compliance is not properly before the Board. *See Niday v. Department of the Army*, 42 M.S.P.R. 673, 679 (1990) (dismissing a petition for enforcement as premature because the initial decision dismissing the appeal as settled was not final). If either party wishes to file a petition for enforcement, it may do so with the Western Regional Office. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.